SIMMONS HARDWARE COMPANY, Appellant, v. ASSIGNED ESTATE OF GREELY-BURNHAM GROCER COMPANY, Respondent.

St. Louis Court of Appeals, November 12, 1895; Motion for Rehearing Overruled January 21, 1896.

1.  Corporations: IMPLIED POWER OF SECRETARY. The secretary of a corporation is not an officer of general power or authority. He has no power, *virtute officio*, to bind the corporation by contract; accordingly, a contract made by him in its behalf will not be binding on it in the absence of evidence of authority or ratification.

2.  ———: IMPLIED POWER OF CREDIT MAN. Nor will the mere fact, that he is also the credit man of the corporation, establish authority on his part to bind the corporation by a contract, whereby the corporation and a third person mutually agree to prorate all liabilities incurred through attachment proceedings instituted by them severally against a common debtor, if such proceedings should be unsuccessful.

*Appeal from the St. Louis City Circuit Court.*—HON. P. R. FLITCRAFT, Judge.

AFFIRMED.

*C. L. Mott* for appellant.

*E. T. & C. B. Allen* for respondent.

BIGGS, J.—This action is based on a claim for contribution.   Both the assignee and the circuit court

on appeal disallowed the claim, and the plaintiff by successive appeals has brought the case to this court for review.

There is a preliminary question, which we had better notice first. There were no instructions asked or given, and no exceptions saved to the introduction or exclusion of evidence. Counsel for plaintiff insists that on appeal from the disallowance of a claim by an assignee the hearing is before the court, and that the action of the court thereon must be reviewed in the same manner as causes in equity are reviewed; that is, upon consideration of the entire testimony. The statute governing assignments, and appeals from the action of the assignee in disallowing claims, merely enacts that the circuit court "shall proceed to hear and determine the same in the same manner as if said cause were in said court by appeal from the judgment of a justice of the peace." R. S., sec. 448. In *Re Edwards v. Wigginton*, 47 Mo. App. 307, this court intimated that for the purposes of review such a proceeding should be treated as an action at law. That case was certified to the supreme court, where it was determined upon a discussion and consideration of the entire testimony, but no ruling was made on this particular question of practice (122 Mo. 426). It will not be necessary for us to pass on the point now, for the reason that there is a failure of proof on the part of the plaintiff, which in any event makes the affirmance of the judgment unavoidable.

Now let us look into the facts. The following were agreed on. The plaintiff and the defendant and the firm of Wear-Boogher & Company were the creditors of one Casebeer, who was conducting a mercantile business in the state of Missouri. The latter failed in business, but anterior to his failure he conveyed to one J. J. Smyth, a resident of Iowa, a large amount of his

property, in part payment of an alleged indebtedness from him to Smyth. At. that time Casebeer owed the defendant $1,217.75, Wear-Boogher & Company $395, and the plaintiff $423. In August, 1891, which was subsequent to the transfer to Smyth, the defendant instituted an action by attachment against Casebeer and Smyth, and attached certain property. Whether the property attached was a portion of the property sold by Casebeer to Smyth the record does not definitely show, but it must have been, since it is agreed that Casebeer conveyed to Smyth all of his property. The action was for goods sold to Casebeer, and Smyth was attempted to be held as his partner. The property thus seized was sold in September, and the amount realized was $858, which was insufficient to pay defendant's claim. Subsequently, the plaintiff and Wear-Boogher & Company placed their claims in the hands of the defendant's attorney for collection, and in December suits were also instituted on these demands against Smyth and Casebeer, and these writs, together with the writ formerly issued in favor of defendant, were also levied upon some of the property transferred by Casebeer to Smyth. The latter was likewise sued as a partner of Casebeer, and the transfer from Casebeer to Smyth was also claimed to be fraudulent. Upon the trials the attachments were dissolved and nonsuits entered as to Smyth, the trial court holding that there was no substantial evidence that Smyth and Casebeer were partners. No appeals were taken. In the meantime the sheriff sold the property levied upon under the last writs, but the amount realized by him does not appear. Subsequently, Smyth sued the plaintiff in the state of Iowa for the conversion of the property, and attached about $20,000 of debts due from plaintiff's customers in that state. In March, 1894, the plaintiff compromised the suit by paying Smyth $3,000. In

addition to this amount it paid in costs and attorneys' fees the sum of $365.75. Of this amount Wear-Boogher & Company refunded to plaintiff $1,410, its *pro rata* share. The claim in suit is for the defendant's *pro rata* share of the amount so paid, which the plaintiff insists is justly due it under an alleged agreement or arrangement entered into between the plaintiff and the defendant and Wear-Boogher & Company at the time the joint levies were made.

In addition to the foregoing agreed facts the evidence tended to prove the following: That the plaintiff and Wear-Boogher & Company placed their claims in the hands of the defendant's attorney for suit, with the distinct agreement between them and the secretary or credit man of the defendant that suits by attachment should be instituted and joint levies made under the writs, including that in favor of the defendant, and that the amount, if any, which should be realized was to be divided ratably between the three creditors; or, if the attachments should fail, that each would contribute its *pro rata* share of any liability on account of the attachments; that the suit instituted by Smyth was also for malicious attachment, and that the value of the goods levied upon and converted was fixed at $3,600, and the exemplary damages at $5,000, making a total claim of $8,600. The receipt which the plaintiff accepted from Smyth was read in evidence. It stated that the amount named was received, not only in settlement of the value of the goods, but also in satisfaction of all damages arising out of the attachment, "whether the same be for malicious attachment or for expenses incurred or moneys expended in defending said attachment." In explanation of this receipt the plaintiff's attorney, who made the settlement, testified that the claim for exemplary damages was admitted by

Smyth to be groundless and that the amount paid on settlement was the estimated value of the goods.

The right to recover in this case is based on the theory, that the defendant agreed with the plaintiff and Wear-Boogher & Company to jointly prosecute the attachments against Casebeer and Smyth, and that, if the suits were successful, the amounts realized were to be ratably divided, or, if defeated in the actions, the parties were to pay the costs and damages incurred, in proportion to their respective claims. There were separate suits instituted and separate bonds given, and there were separate levies, although made at the same time; hence, to hold the defendant there must have been competent testimony that it so agreed. Counsel for defendant makes the point that the evidence *only* tends to show that such an understanding was had with the *secretary of the defendant* (which is a corporation.), or with its *credit man*. This being conceded, or at least not controverted, there was a failure of proof, and the judgment of the circuit court for that reason must be affirmed.

The statute (R. S., sec. 2511) provides that contracts may be implied on the part of corporations "from their corporate acts, or those of an agent whose powers are of a general character." The secretary of a corporation is not an officer of general power or authority. He is the keeper of the seal and books of the corporation, and the general organ for communication with the public. *Famous Clothing Company v. Eagle Iron Works*, 51 Mo. App. 66. He has no right, *virtute officio*, to bind the corporation in contract. Such authority may exist in a given case, but it is special, of which there is not a particle of evidence in this case. What the authority or the duties of the defendant's credit man were, we have no means of knowing. The record is silent on the subject. Neither is there any

proof of ratification.   There is, therefore, no possible theory upon which the defendant can be held.   Lying behind this question there are several important propositions which are interestingly discussed in the briefs, all of which, however, rest on the assumption that there was some proof of the alleged agreement.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed.

### OPINION OF THE COURT ON MOTION FOR REHEARING.

BIGGS, J.—The statement in the opinion, that the levies under the several writs were *separate*, is not accurate.   They were *joint* as a matter of fact, but there is no competent evidence that the defendant authorized a joint levy; neither is there any evidence of ratification.   There is an admission made in the record by Mr. Allen (presumably one of the attorneys representing the defendant in this action), that he procured an order on the sheriff (who sold the property), to pay "*Simmons Hardware Company* its proportion of the net profits of the sale of the property."   It may be that in point of fact Allen obtained the order in favor of the the defendant, but the record does not so state.   The statement, that the defendant paid its *pro rata* share of the cost of the attachments, is not borne out by the record.

The motion for rehearing will be overruled.   All the judges concur.