R. A. STANLEY et al., Respondents, v. SEDALIA
TRANSIT COMPANY, Defendant; H. S. RUM-
SEY, Appellant.

Kansas City Court of Appeals, March 29, 1909.

1. **Offices and Officers: Sheriff's Return: Construction.** It is
fair to infer everything against the return of the sheriff which
its departure from the statute will warrant; but the return of
process, regular on its face and showing the fact and mode of
service, is conclusive upon the parties to the suit and can only
be controverted in a direct action for false return.

2. **CORPORATIONS: Return of Service: Chief Officer: Secre-
tary.** The secretary of a corporation is not an officer of general
power but the keeper of the seal and books and its general organ
of communication with the public, and service on him as sec-
retary is not good under the Missouri statute except when
made at a business office and he is stated to be present in
charge of the office; and the same is true of the treasurer.

3. ———: ———: ———: ———: **Office.** A sheriff's return
recited summons delivered to P "who is the secretary and
treasurer and chief officer in charge of the business of within
named" defendant. The expression "chief officer in charge of
the business" must be treated not as a statement of fact but a
mere conclusion and such cannot bind the defendant since the
chief officer of the corporation is one who has charge and con-
trol of its business and the absence of the managing officer
does not devolve his duties upon a minor officer.

Appeal from Pettis Circuit Court.—*Hon. Louis Hoff-
man,* Judge.

REVERSED.

*Stewart, Eliot, Chaplin & Blayney* and *Montgom-
ery & Montgomery* for appellant.

(1) The secretary of a corporation is not an offi-
cer of general power or authority. Hardware Co. v.
Grocer Co., 64 Mo. App. 681; Clothing Co. v. Iron
Works, 51 Mo. App. 73. (2) Service not made at the

company's office but made upon the secretary, or secretary and treasurer, the president not being found, is not good. Electric Co. v. Corby, 61 Mo. App. 630; Land Co. v. Land Co., 187 Mo. 433. (3) The return of an officer upon process must be strictly construed. It is fair to infer everything against the sheriff's return which its departure from the statute will warrant. Blandon v. Jamison, 3 Mo. 53; Holtschneider v. Railroad, 107 Mo. App. 385; Heath v. Railway, 83 Mo. 625. (4) Service upon this sort of a corporation must be made upon the president or other chief officer, or, in his absence, upon the person in charge of a business office of the company at such office. R. S. 1899, sec. 995. (5) There is no authority in this State for the contention that the recital in a return of the absence of the president from the county makes some other officer the chief officer upon whom service can be had at any place in the county. The true effect of such recital is merely to permit service at a business office in the county upon the person in charge thereof. R. S. 1899, sec. 995. (6) The recital of the president's death or of his absence from, or non-residence in, the State, makes the vice-president the chief officer, upon whom process may be served, and such service will be good, though he be not described in the return as "the chief officer," and describing another person in the return as "the chief officer," does not make the service upon the latter a good service upon the corporation. Youree v. Insurance Co., 180 Mo. 166.

*Sangree & Bohling* and *Barnett & Barnett* for respondents.

(1) The return in this case shows that W. H. Powell, on whom the service was had, was secretary, treasurer and chief officer of the Sedalia Transit Company. Service on the chief officer is all the statute requires. The return shows on its face, an exact compliance with the law. This court will not look beyond

the return, which is conclusive on the parties to the suit. State ex rel. v. O'Neill, 4 Mo. App. 221; Smoot v. Judd, 184 Mo. 518.

JOHNSON, J.—Plaintiffs recovered a judgment by default in the circuit court of Pettis county against the Sedalia Transit Company, a domestic corporation, and had execution issued and delivered to the sheriff who returned it unsatisfied. Plaintiffs then filed a motion as provided in section 985, Revised Statutes 1899, for an execution against H. S. Rumsey, a stockholder in the corporation, whose stock was not fully paid. Notice of this motion was duly served on Rumsey and he appeared. The court sustained the motion and ordered the execution as prayed. Rumsey appealed. It is conceded by both parties that the action of the court in sustaining the motion was a proper one if the judgment by default rendered against the corporation was valid. Appellant contends that the judgment is void because the return of the summons shows on its face that the writ was not served in the manner provided by law. The return reads as follows:

"Served the within summons by delivering to W. H. Powell, who is the secretary and treasurer and chief officer in charge of the business of the within named The Sedalia Transit Company of Sedalia, Missouri, a copy of the same together with a certified copy of the petition as furnished to me by the clerk of the circuit court of Pettis county, Missouri, being first served on the 31st day of August, 1906.

"I further certify that the president of the Sedalia Transit Company is absent from my said county.

"All done in Pettis county, Missouri.

                                    "I. N. SPRECHER,
                        "Sheriff of Pettis county, Missouri,
                        "By M. T. HENDERSON, Deputy."

We quote the statutes relating to the service of summons:

"Sec. 995: When any such summons shall be issued against any incorporated company, service on the president or other chief officer of such company, or, in his absence, by leaving a copy thereof at any business office of said company, with the person having charge thereof, shall be deemed a sufficient service; and if the corporation have no business office in the county where suit is brought, or if no person shall be found in charge thereof, and the president or chief officer cannot be found in such county, a summons shall be issued, directed to the sheriff of any county in this State where the president or chief officer of such company may reside or be found, or where any office or place of business may be kept of such company, and the service thereof shall be the same as above.

"Sec. 996: On the return of such summons, served as aforesaid, the officer serving the same shall express in his return on whom, how and when the same had been executed, and if not on the chief officer, he shall express the absence of such officer, or that he cannot be found."

When the president or other chief officer of the corporation is in the county the summons should be served on him and it is not essential that it be served at a business office of the company, but if the president or other chief officer be absent from the county the service then should be made at a business office of the company on the person in charge thereof. The return before us does not recite that service was made at a business office of the defendant and we must assume that it was not made at such office. The return by an officer of a writ of this character must be strictly construed. "It is fair to infer everything against the return which its departure from the statute will warrant." [Blanton v. Jamison, 3 Mo. 52; Holtschneider v. Railroad, 107 Mo. App. l. c. 385; Heath v. Railway,

83 Mo. l. c. 625.] Since the service was not made at a business office of the company, it remains to be seen whether or not the return shows on its face that a chief officer of the corporation was served. The rule is fairly established that "the return of a sheriff on process regular on its face and showing the fact and mode of the service is conclusive upon the parties to the suit. Its truth can be controverted only in a direct action against the sheriff for false return." [Smoot v. Judd, 184 Mo. l. c. 518, and cases cited.]

Therefore, if the return shows affirmatively that the service was on a chief officer, we must accept the statement of that fact as conclusive. It recites that the president was absent from the county and that the officer served was the secretary and treasurer of the corporation. "The secretary of a corporation is not an officer of general power or authority. He is the keeper of the seal and books of the corporation and the general organ for communication with the public." [Hardware Company v. Grocer Company, 64 Mo. App. 677; Clothing Co. v. Iron Works, 51 Mo. App. 66.] As he is not a chief officer, service on him as secretary is not good except it be made at a business office and he is stated to be the person in charge of the office. [Electric Co. v. Corby, 61 Mo. App. 630; Land Co. v. Land Co., 187 Mo. l. c. 433.] Obviously, if the secretary is not a chief officer, neither is the treasurer.

The return under consideration differs from those appearing in the cases cited in this respect: It contains the statement of the officer that the secretary and treasurer was the chief officer in charge of the business of the company. But that recital should not be treated as the statement of a fact and, therefore, as conclusive, but should be regarded as a mere conclusion of the officer. The facts stated were that the person served was the secretary and treasurer and that the president was absent from the county. From these facts, the inference is drawn by the officer that since the person served

was the highest officer of the corporation in the county he was a chief officer, but this was not so. A chief officer of a private corporation is one who has charge and control of its business, is its managing officer, and is not one who is charged with the performance of other and subordinate duties. The mere fact that the managing officer may absent himself from the county does not cause his mantle to fall on a subordinate officer. It is clear the sheriff in his zeal attempted to elevate the secretary and treasurer into a higher office. The service was bad and the judgment against the corporation cannot stand. It follows that the judgment against the appealing stockholder must be reversed. All concur.