**STATE ex rel. James Carroll BUFFORD, Relator,**

v.

**Honorable Donald DALTON, Judge of the Circuit Court of St. Charles County, Division No. 2, Respondent.**

No. 34241.

Missouri Court of Appeals, St. Louis District.

March 28, 1972.

Jack Gallego, Troy, Holtkamp & Amelung by Robert A. Wulff, St. Louis, for relator.

Gray, Friedman & Ritter by Gary M. Kupferle, St. Louis, for respondent.

ROBERT LEE CAMPBELL, Special Judge.

Prohibition proceeding to prevent respondent from proceeding with a damage suit for alleged lack of jurisdiction over the person of relator.

An automobile collision occurred on September 26, 1968, in St. Charles County, Missouri. Plaintiff filed suit in St. Charles County on March 22, 1969, against Linda Gail Locklin. On May 20, 1969, plaintiff filed a First Amended Petition joining relator as an additional party defendant, and summons was ordered to issue to the Sheriff of Lincoln County for service on relator at Route #2, Troy, Missouri. The sheriff filed a return indicating personal service on relator on May 21, 1969.

On January 5, 1970, relator appearing specially, filed a Motion to Quash service, alleging that his usual place of abode was not with his parents at the time of service. On January 10, 1970, the Sheriff of Lincoln County filed an Amended Return indicating (that) a copy of the summons and petition was not personally served on relator but was served by leaving a copy of the summons and petition at the home of relator's parents. On January 19, 1970, relator's father and mother each filed an Affidavit alleging that relator was not regularly residing at their premises at the time of service on May 21, 1969, but had been gone from the premises since May 1, 1969.

On April 5, 1971, respondent held an evidentiary hearing on relator's Motion to Quash, at which time both of relator's parents testified in support of the motion. Respondent overruled the Motion to Quash and relator sought, and we granted, a preliminary Writ of Prohibition directed to the Circuit Judge as respondent to show cause why he should not be prohibited from proceeding further in the case.

We will first dispose of the points briefed and argued and then make disposition of our writ on other grounds.

■ It is relator's position that he was not a resident of his parents' home within the meaning of § 506.150 (all references are to V.A.M.S.), which provides that service may be obtained upon an individual "by leaving a copy of the summons and of the petition at his dwelling house or usual place of abode with some person of his family over the age of fifteen years * * *." His attorneys contend that this position is supported by evidence at the hearing. The testimony of relator's parents at the hearing on the Motion to Quash was extremely vague, indefinite, confusing and misleading. Respondent having had the opportunity to view the witnesses, on the evidence presented, could rule that relator's usual place of abode at the time of service was his parents' home, but we do not so decide. Although the Circuit Court has as much

right to determine the facts going to its jurisdiction as it has to determine any other facts in the case, State ex rel. American Pigment & Chemical Co. v. Shields, 237 Mo. 329, 141 S.W. 585, the Court should not have held a hearing because of the wording of the amended return.

Respondent filed a Motion to Dismiss, which we took as submitted with the case, contending that this case should be disposed of on the principle of law succinctly stated in ex rel. Fabrico v. Johnson, 293 Mo. 302, 239 S.W. 844, l.c. 847, 848:

"It is a general rule, admitting of no exception that we are aware of, that, where a court has jurisdiction of the subject-matter of an action, and the question of its jurisdiction of the person turns upon some fact to be determined by the court, its ruling that it has jurisdiction, if wrong, is simply error, for which prohibition is not the proper remedy. (Citing cases)."

In view of the wording of the amended return, we must overrule respondent's Motion to Dismiss.

Relator's attorneys also strenuously urge the Court to make the writ of prohibition permanent and to quash service on relator because he is unaware of the proceedings against him. The failure of relator's mother to inform him of the pendency of the litigation is the only reason for lack of actual notice to relator, and this situation is precisely what the legislature intended in providing for constructive or substituted service.

■ The preliminary writ of prohibition was issued by us because of the wording of the Amended Return filed by the Sheriff of Lincoln County. The portion of the amended return in question states that relator "was served by leaving same *at the home* of his parents which at the time I believed to be his usual place of residence." (Emphasis ours). Section 506.190 provides that "At any time in its discretion and upon such terms as it deems just, the court may

allow any process, return, or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process is issued." We held in Texas Western Co. v. Giesecke, Mo. App., 342 S.W.2d 266, that it is proper for a sheriff to amend his return prior to judgment. The Court permitted the sheriff to file the Amended Return stating that he did not personally serve relator. Thus, the Court did not have jurisdiction over the person of relator unless the portion of the return above quoted was sufficient to confer such jurisdiction.

 The Supreme Court of Missouri, en banc, in the case of State ex rel. Boll v. Weinstein, 365 Mo. 1179, 295 S.W.2d 62, stated " * * * a return of service may not be aided by presumptions or intendments, and it must show on its face that every requisite of the statute has been complied with. Carter v. Flynn, 232 Mo.App. 771, 112 S.W.2d 364, 369; Stanley v. Sedalia Transit Co., 136 Mo.App. 388, 117 S.W. 685. * * *" Section 506.180 requires the sheriff to make his return in writing showing the time, place and manner of service. The Amended Return merely states that the summons and petition were left "at the home of his parents * * *." For all we know from the return itself, the summons and petition could have been left "at the home" by sliding them under the door. The Amended Return does not show compliance with § 506.150, which requires that the summons and petition be left "with some person of his family over the age of fifteen years," and is fatally defective. The Amended Return did not confer jurisdiction of the person of relator on the Court.

We need not rule whether the filing of a return by a sheriff or other officer containing the words "I believe" would confer any jurisdiction of the person on the Court. We certainly do not condone the filing of a return using such wording.

We merely hold that the sheriff's return *as worded* confers no jurisdiction of the

person of relator on the Court. Accordingly, our preliminary writ of prohibition is made absolute and respondent is prohibited from taking any further action against relator in the cause on the basis of the present sheriff's return.

BRADY, C. J., concurs.

DOWD, J., concurs in result.