## BOOGHER, *Appellant*, v. KNAPP *et al.*

1. **Libel**: JUSTIFICATION. A publication to the effect that a certain person had been convicted of conspiracy, if true, does not become libelous because such person afterwards secured a new trial and the case against him was dismissed.

2. ——— : ——— : NEWSPAPER REPORT. A newspaper report of a criminal trial must be a fair and impartial report of what took place with reference to its effects on the defendant's character. If a *verbatim* report would have the same effect on his character as the abridged one, the abridged report is, so far as the defendant is concerned, a fair and impartial one. Whether it is such a report or not is a question for the jury.

*Appeal from St. Louis City Circuit Court.*—HON. G. W. LUBKE, Judge.

AFFIRMED.

*W. C. Marshall* for appellant.

The publication of judicial proceedings is a qualified privilege, and if plaintiff can prove that the publication was not made *bona fide*, but that defendant availed himself of the privileged occasion to wilfully defame the plaintiff, damages will be allowed in spite of the privilege. Odgers on Libel, marg. pp. 184, 186, 194; *Stevens v. Sampson*, 5 Exch. D. 53; *Salmon v. Isaac,*

20 L. T. 885. The report must be an impartial and accurate account of what really occurred at the trial, else no privilege will attach. Odgers on Libel, * p. 250. The report need not be *verbatim*, but it must not be partial or garbled. It need not state all that occurred *in extenso*, "but if it omit any fact which would have told in plaintiff's favor, it will be a question for the jury whether the omission is material. Thus the entire suppression of the evidence of one witness may render the report unfair." Odgers on Libel, *251 ; *Duncan v. Thwaites*, 3 B. and C. 580.

*Vernon W. Knapp, Jas. J. Lindley* and *C. P. & J. D. Johnson* for respondents.

"If a writer in the course of temperate and legitimate criticism falls into error as to some details  *  *  * and thus goes beyond the limits of strict truth, such inaccuracies will not cause judgment to go against him, if the jury are satisfied, after reading the whole publication, that it was written honestly, fairly and with regard to what truth and justice require. It is not to be expected that a public journalist will always be infallible." Odgers on Lib. and Slan. (1 Am. Ed.) * p. 38. Nor if the substantial imputation be proved true, will a slight inaccuracy in one of its details prevent defendants succeeding, provided such inaccuracy in no way alters the complexion of the affair and would have no different effect on the reader than that which the literal truth would produce. Odgers on Libel and Slander, p. 170. "If the report is substantially a fair account of what took place, there is an entire immunity for those who publish it." Folkard's Starkie on Slander and Libel, side p. 198. "A report will be privileged if it is substantially a fair account of what took place in court." *Andrews v. Chapman*, 3 C. & K. 289.

BRACE, J.—Action for libel; verdict and judgment for defendants ; plaintiff appeals.

On the third of July, 1875, two informations were filed in the St. Louis court of criminal correction against the plaintiff, one charging him and others named therein with malicious conspiracy to libel the Life Association of America, the other against him and the same persons for a malicious libel on said association. On the eighteenth of December, 1875, the plaintiff was tried on the first charge, found guilty, his punishment assessed at a fine of one dollar, and judgment rendered accordingly. On the twenty-seventh of January, 1876, his motion for a new trial was sustained and said cause was pending in said court on the twenty-fifth of March, 1876. On the thirteenth of March, 1876, the plaintiff was tried and found guilty on the second charge, his punishment assessed at a fine of one hundred and fifty dollars and two months imprisonment, and he was sentenced accordingly. On the twenty-third of March, 1876, his motion therein for a new trial was overruled. On the twenty-fifth of March, 1876, there was published in the "Missouri Republican," a newspaper edited and published by defendants, Knapp and Hyde, an article containing the following extract, which is complained of as libelous in the first count of plaintiff's petition : " Libel as a crime.—Under the common law, libel is a criminal offense, punishable by fine and imprisonment, and by the provisions of the statute law of Missouri, the common law is in full force and effect in this state ; but punishment for common-law offenses is limited, so that in no case can such punishment exceed a fine and sixty days imprisonment. That a criminal prosecution for libel could be maintained, seems to have been generally overlooked. The second case that has occurred during the past twenty years was instituted some months since, by the Life Association of America, against Davis R.

Boogher, charged with having procured the publication of statements calculated to injure the credit of that company, which statements, it was claimed by the prosecution, were false. The case was first tried some three months since by a jury which returned a verdict of guilty. A new trial was granted and the case was again tried by a jury who returned a verdict of guilty and fixed the punishment at sixty days imprisonment in the county jail and a fine of one hundred and fifty dollars and costs. A motion was made for a new trial, and this motion the court yesterday overruled, and it looks very much as though Mr. Boogher would have the questionable honor of being the first in this state punished by imprisonment for the publication of a libel."

On the eleventh of November, 1876, the first case was dismissed. On the twenty-ninth of November, 1876, an appeal was taken and perfected from the court of criminal correction to the St. Louis court of appeals in the second case. On the second of March, 1877, a communication from defendant Bryant, addressed to the editors of the "Insurance Press," was published in the "Missouri Republican," containing the following extract which is complained of as libelous in the second count of plaintiff's petition: "At intervals, throughout nearly its whole existence, the Association has been the subject of assault from different quarters, notoriously by an ex-agent of the association, Davis R. Boogher, whose last known attempt to injure the association was made about two years ago. You may remember that for this exploit Boogher was tried for conspiracy and libel, and convicted in the court of criminal correction in this city."

The two prosecutions of Boogher for libel and conspiracy to libel were based upon the same matters, and the two publications refer to the proceedings against him in these two cases, and the jury found for the defendants Knapp and Hyde on the first count, the

same having been dismissed as to the other defendants, and for all of the defendants on the second count.

Much of the matter contained in the second count of the petition was, on motion, without objection, stricken out, leaving substantially as the only matter complained of as libelous, the publication of the false statement in the second article that the "plaintiff was tried for conspiracy and libel and convicted in the court of criminal correction." The plea of the defendants to the second count was that the statement was true, and it will be observed from the foregoing statement of facts that the published statement was literally true, for it appeared by the record of the criminal court that, within two years before the publication (about the time therein stated), the plaintiff had been tried for conspiracy and libel and convicted in the court of criminal correction. It detracted nothing from the verity of that statement that, after he was thus tried and convicted, he had secured a new trial in the conspiracy case and afterwards had succeeded in having the same dismissed, and had taken an appeal in the libel case before the publication was made. The fact still remained, as charged in the publication, that he was tried for conspiracy and libel and convicted in the court of criminal correction. The writer was not undertaking to give an account of the judicial proceedings in these cases ; as germane to the subject he was treating, he made this true statement of a fact that had, in the past, occurred in the trial of those cases. The petition did not state that he thereby intended to charge the plaintiff with having been guilty of the crimes of libel and conspiracy. The plea of justification was as broad as the charge. It was completely made out by the evidence and there was no error of which the plaintiff can complain in the second instruction, which instructed the jury if they so found, to render a verdict for defendants Bryant and Hough on the second count.

The defendants Knapp and Hyde might perhaps well complain that they were not included within the terms of this instruction.

The controlling question in the case may be considered upon the error assigned in the first and third instructions given for the defendants Knapp and Hyde, applicable to the first count in the petition to which the defendants Knapp and Hyde pleaded privilege to publish as a report of a judicial proceeding. Those instructions are as follows:

"1. The court instructs the jury, that if they believe from the evidence, that on the third day of July, 1875, a criminal information was filed in the St. Louis court of criminal correction against plaintiff and others for malicious conspiracy to libel the Life Association of America; that the plaintiff was tried on said charge, and a verdict of guilty returned against him on the eighteenth day of December, 1875; that thereafter, on January 27, 1876, plaintiff's motion for a new trial in said cause was sustained, and the said cause was pending in said court on March 25, 1876; and if the jury further believe that a criminal information was, on July 3, 1876, filed in the St. Louis court of criminal correction against the plaintiff for a malicious libel on the Life Association of America; that plaintiff was tried therefor, and March 13, 1876, was found guilty, and that thereafter on March 23, 1876, plaintiff's motion for a new trial was overruled by said court, and that said last-named cause was still pending on the twenty-fifth day of March, 1876, and although the jury may believe that the defendants Knapp and Hyde, in giving to the public the proceedings of the court in said cause in the publication complained of, did so far err in the account thereof as to describe the two trials to have been on one information for malicious libel, instead of two trials on separate informations, one for malicious conspiracy to libel and the other for malicious libel; yet if the jury believe that the publication herein complained of, gave

a fair and impartial account of the said prosecutions and trials, and not more injurious to the plaintiff than if no such discrepancy had been made, then the jury will find for the defendants Knapp and Hyde.

"3.   The court instructs the jury, that if in the publication complained of herein the defendants erred in calling the first trial of plaintiff a trial for malicious libel, instead of a trial for malicious conspiracy to libel, and if the jury further believe that the defendants gave a fair and impartial account of the two trials substantially according to the facts, except miscalling the offense involved in the first trial, the jury will find for the defendants, Knapp and Hyde, unless they further believe that said defendants made the discrepancy, or miscalling of the offense on the first trial from malicious motives, or a desire thereby to injure plaintiff."

For the plaintiff, the court instructed the jury that the publication was admitted by the defendants Knapp and Hyde, and if false, was on its face libelous, and that malice and an intention to injure might be inferred from the publication and if the article did not contain a fair and impartial account of the trials in the criminal court they should find for the plaintiff.

It will be observed from the foregoing statement of facts that the publication did not contain a strictly accurate account of the proceedings in the criminal court, and from the fact that the account was not strictly accurate, plaintiff contends that it necessarily follows that it was not a fair and impartial account, and that defendants therefore did not bring themselves, either by their plea, which set out the facts, or by their evidence, within the privilege claimed ; that it is a solecism to say that an inaccurate account can be a fair and impartial account.

We do not think this position is logically correct or borne out by the authorities.   "An abridged and condensed report of what passes in a court of justice may be published if done fairly and honorably   *   *   *

and if the report is substantially a fair account of what took place, there is an entire immunity for those who publish." Folkard's Starkie on Slander and Libel, sec. 227. "Where the report is clearly absolutely fair and there is no suggestion of malice, the judge should stop the case and direct a verdict for the defendant, *e. g.*, when the report is *verbatim* or nearly so, * * * but if anything be omitted in the report which could make any appreciable difference in the plaintiff's favor or anything erroneously inserted which could conceivably tell against him, then it is a question for the jury, whether such deviations from absolute accuracy make the report unfair, and the judge at *nisi prius* should not direct a verdict for either party." Odgers on Libel and Slander, 252.

The doctrine of the authorities is that the report must in effect be a fair and impartial report of. what took place with reference to its effect on plaintiff's character. Whether it is such a report is a question for the jury. The report is fair and impartial so far as the plaintiff is concerned, if a *verbatim* report of the proceedings would have the same effect on his character as the report made. The only interest the plaintiff has in the accuracy of the report is that it shall be so far accurate as not to be more injurious to him than a *verbatim* report would be. This question was fairly submitted to the jury in this case on the instruction given at the request of the plaintiff and the two set out for the defendants in such terms that they could not have misunderstood or misapplied them, and the result confirms this conclusion, for it is evident the report in no way changed the affair from the complexion it wore upon the record. No unprejudiced person reading this report in the "Republican," on the twenty-fifth of March, 1876, of the precedent proceedings in the court of criminal correction against Boogher could have

formed a less favorable opinion of his character by reason of that report than he would have formed had it contained a *verbatim* report of those proceedings as they appeared upon the records of that court. The discrepancies between the report and the record could not have injured the plaintiff; and there is no evidence in the case, intrinsic in the publication, or extrinsic in the facts that attended the publication, tending to show that such discrepancies were purposely made, or with the intention of doing the plaintiff any injury.

The verdict is for the right party, and the judgment is affirmed. All concur except BARCLAY, J., not sitting.