ORVILLE D. JONES, Appellant, v. PULITZER
PUBLISHING COMPANY.

Division Two, February 27, 1912.

1. **LIBEL: Privilege: Made an Issue by Appellant's Instruction.**
A party on appeal will not be permitted to shift from a posi-
tion he voluntarily assumed at the trial. Where the court at
the request of appellant, a plaintiff in a libel suit, gave an
instruction telling the jury that defendant claimed the publica-
tion complained of was privileged, and whether or not it was
a full and fair report of the testimony contained in certain
depositions was a question of fact for the jury, he cannot com-
plain that the trial court refused to further instruct that the
publication was not privileged. By his own instruction the
court submitted that question of fact to the jury.

2. —————: —————: **Depositions on File.** The hearing of the
motion for alimony and of defendant's plea to the jurisdiction
of the court in a divorce suit is judicial action; and a publication
on the next day by a newspaper of an abridgment of the testi-
mony contained in depositions then on file in the court, together
with the pleadings, if fair, was privileged.

3. —————: —————: **Obscene and Scandalous Matter: No Instruc-
tion: Not Pleaded.** The court is not required to give instruc-
tions of its own motion in a civil case. Hence plaintiff's com-
plaint that the trial court erred in not holding that the pub-
lication complained of in his libel suit contained matter obscene,
scandalous and unfit for publication, will not be considered on
his appeal, if he asked no instruction on that theory of the
case, and no such issue was made by the pleadings.

4. —————: **Privileged Matter Libelous Per Se: Unfair Comment:
Truthfulness: Not in Issue: Modification of Erroneous Instruc-
tion.** Defendant published an abridgment of certain deposi-
tions on file in court which contained matter libelous *per se*.
The answer did not justify by pleading the truth of the publi-
cation, but pleaded that the publication "was a reasonably fair
and impartial statement and account of testimony given in open
court upon the trial of the divorce suit" brought against plaintiff
by his wife, and as such was privileged, and that issue was
met by a general denial in the reply. Plaintiff asked an instruc-
tion, which, after setting out the publication in full, told the
jury that, whether or not said publication was a full and fair
report of the testimony contained in the depositions, was a
question of fact to be determined by them, and then added:
"But the court instructs you as a matter of law that, if said

article contained matter and comment which are not true, then such matter of comment deprives it of the benefits of the legal privilege claimed by defendant, if said privilege otherwise existed; so that the plea of privilege set up by defendant in its amended answer is no defense to the publication of said article, unless you find that all the statements therein are true as a matter of fact." *Held*, that these words relate to matters clearly outside the issues, in that they submit the truth or falsity of what is termed comment as an issue of fact, and hence the court did not err in striking them out; but it also, for the same and a better reason, erred in substituting in lieu thereof the words: "But the court instructs you, as a matter of law, that if said article contains matter of unfair comments, derogatory to plaintiff, which are not true, then such matter of comment is not entitled to be regarded by you and is not privileged; so that the pleas of privilege as set up by defendant in its amended answer is not defense to the publication of said comments, unless you find them true as a matter of fact;" since the modification attempts to separate the publication into two parts, report and comment, leaving what is report under the protection of the privilege, and what is unfair comment under the defense of justification. The issue of the truth of no part of the publication is found in the pleadings, and should not have been submitted to the jury.

5. ———: ———: **Segregating Comment and Report.** If either party wishes to separate comment from a condensed report containing matter libelous *per se*, he should assume that burden, by suggesting a guide that will enable the jury to make the distinction. But in this case neither the pleadings nor the instructions suggested a guide, nor was the issue of unfair comment, or the truth of such comment, or whether a part of the publication consisted of comment, in the case, and not only were such issues not recognized in the instructions, but the jury were expressly told in one instruction that the only issue was whether the publication was a fair report of the court proceedings. Another instruction, therefore, that told the jury that if the publication contained matter of unfair comment, which was not true, such matter of comment is not privileged, not only lugged in issues not pleaded, and failed to contain any guide for determining what was comment and what report, but was also inconsistent with the other that said the only issue was whether the report was fair.

6. ———: **Report of Court Proceedings: Reasonably Fair.** It is of the greatest public importance that the people should be informed of the proceedings in their courts, and where those proceedings are of great length the law does not require a verbatim report but permits an abridged report, provided it is fair and reasonably correct. But the report must be fair, by

which is meant that it must be just and impartial. Reasonably fair is not sufficient, for if that were the test, then the publisher would not be liable for publishing an unfair report, provided it were not unreasonably so; and a whole series of instructions that, by frequent reiteration, excuses the publication of testimony libelous *per se* contained in depositions, if the abridgment was a "reasonably fair and correct report," were reversible error.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor*, Judge.

REVERSED AND REMANDED.

*Jos. Wheless* and *J. G. Trimble* for appellant.

(1) The two articles set out in the first and second counts are not privileged. The scandalous deposition of the negro was taken April 9 and filed May 2, 1906. The depositions commented on by articles in the first and second counts were taken April 20-21 by defendant and filed April 25. The cause had not been called for trial or the depositions presented in the court for any purpose; cause was not called for trial until June 14, 1906. Defendant's counsel, aware of the law in such case, had alleged in their amended answer that the depositions had been presented and read in court on the trial of a motion for alimony. They learned the allegations were not fact and asked to strike them out and did it. Meriwether v. Knapp, 211 Mo. 199, does not justify the action of the lower court in this case. Brown v. Globe-Democrat, 213 Mo. 636; Barber v. Post-Dispatch, 3 Mo. App. 377; Callahan v. Ingraham, 122 Mo. 366. (2) By the addition made by the court to the plaintiff's instructions, the court declared the law to be that only "the matter of unfair comments, not true" was not privileged. That put before the jury the task of determining how much of the two articles of about seven hundred and twenty words each, that purport to fairly state the contents of the deposition of eighteen persons, was report and

how much was comment. It denied them the right of determining whether the part of them that was report was libelous at all; and they were not permitted to find the comments were libelous unless they also found them to be "untrue in fact." The defendant did not put the truth of the statements and reports in the articles in issue by plea alleging they were true. And the court gave plaintiff an instruction that, "the truth of the testimony as stated in the publications was not in issue;" and for "the purpose of this trial it is your duty to treat them as untrue." The articles as applied to the depositions show them in fact to be nothing but comment. They state and insinuate each one that affidavits came to plaintiff's knowledge and he being guilty took time by the forelock to impeach the testimony of the witness. (3) The actual testimony of the witnesses with its suggestions was too obscene to publish under the claim of the privilege. It was all in black and white before the court, in the printed articles and in the depositions and written transcript of the evidence—the facts and the occasion as to the whole matter undisputed. And the question whether they were fit to be published under the claim of privilege was purely one of law for the court. Callahan v. Ingraham, 122 Mo. 366; Arnold v. Jewit, 125 Mo. 252; Newell on Slander and Libel (2 Ed.), sec. 150; In re Evening News, 3 Times L. Rep. 255; Odgers on Libel and Slander (2d Ed.), 191; Townsend on Libel and Slander, 366; Rex v. Salisbury, 1 Ld. Raymond 341; Rex v. Carlisle, 3 B. & A. 167; State v. Appling, 25 Mo. 315; State v. Rose, 32 Mo. 250; R. S. 1899, secs. 2176, 2177; R. S. 1909, sec. 4730; State v. VanWey, 136 Mo. 234; 18 Am. and Eng. Ency. Law (2 Ed.), 1025. Words imputing adultery or fornication to a person are actionable per se. R. S. 1909, sec. 5442; Birch v. Benton, 26 Mo. 160; Brown v. Wintasch, 110 Mo. App. 273; Brown v. Globe, 213 Mo. 611; Cook v. Globe Printing Co., 227 Mo. 534. (4) All the counts

of the answer repeat that defendant's reports of testimony were "reasonably fair." The court adopted the language of the answer and told the jury the reports need only be "reasonably fair." It was not alleged they were fair, nor were the jury directed to determine whether they were fair. The language of the authorities is they must be fair. "Reasonably fair" used in an instruction in such case is senseless. Who is to determine what is reasonable, the court or jury? The law is if the language and occasion are undisputed, it is purely a question of law for the court.

*Judson & Green* for respondent.

(1) The articles of April 28th and 29th, sued on in the first and second counts of appellant's petition, are privileged, if fair reports of the court proceedings they refer to, because there was such a hearing in open court on April 27th, upon the motion for alimony and the plea in abatement, as gave respondent a right to publish the proceedings had on that day, and also to publish a statement of the pleadings and depositions then on file in the case. Meriwether v. Knapp & Co., 211 Mo. 219. (2) The respondent had a right to publish the contents of these eighteen depositions then on file in the case for the further reason, that appellant himself had taken these eighteen depositions and himself had caused them to be filed in the divorce case to be used as evidence in his behalf at the trial thereof. By taking and filing these depositions appellant himself published their contents to the world, and declared that the testimony therein contained was relevant and material to the issues of that case. He should not be heard to complain now because respondent has published that which he himself had collected and filed and first published to the world. (3) No matter can be libelous if it is not false. Therefore, the trial court did not err in the first instruction given for plaintiff

which he modified. He correctly stated to the jury in this modified instruction that if there were unfair comments in the articles complained of, they were libelous, if they were untrue and were derogatory of appellant. And this is the law. Julian v. Kansas City Star, 209 Mo. 71; Diener v. Star Chronicle, 135 S. W. 6. (4) Whatever error there is in this modified instruction, if there is any, was invited by appellant because the instruction, as originally prepared and offered by appellant himself, told the jury that if the comments in these articles were found to be true as a matter of fact then this was a good defense for respondent. (5) It was not error, which appellant can complain of, for the court to submit to the jury for their determination the fairness of these reports of proceedings in said divorce suit. Boogher v. Knapp & Co., 97 Mo. 122; Meriwether v. Knapp & Co., 211 Mo. 199. Under the facts disclosed by the record herein, the respondent might have complained, had it lost the verdict, that under the evidence herein the court should have declared, as a matter of law, that all of these articles were fair reports. But appellant cannot complain of that error. Ackerman v. Jones, 37 N. Y. Sup. 42; Salisbury v. Advertising Co., 45 Hun. 120. (6) Appellant did not ask the trial court to declare as a matter of law that these articles were not fair reports and that, therefore, they were not privileged. His own instructions requested the submission of that question to the jury. Since he asked no such instruction he cannot complain because the court did not give one of its own motion. Minter v. Bradstreet, 174 Mo. 444; State ex rel. v. Branch, 151 Mo. 622. (7) The words "reasonably fair," which are found in one of the court's instructions given at the request of respondent, and which are complained of by appellant as misleading, are combined in said instruction with the word "correct," so that the full phrase is "a reasonably fair and correct report," and the instruction

then tells the jury just what is meant by the expression, "a reasonably fair and correct report," so that the jury could not have been misled thereby.

KENNISH, P. J.—This action for libel was brought by appellant, Orville D. Jones, against respondent, Pulitzer Publishing Company, in the circuit court of the city of St. Louis. Plaintiff is an attorney at law, residing at Edina, Missouri. The defendant is a corporation, and owns and publishes the newspaper known as The St. Louis Post-Dispatch, published at the city of St. Louis, the paper in which the alleged libelous publication appeared. The petition contains six counts. Upon a trial the jury returned a verdict for the defendant, and from the judgment entered thereon the plaintiff appealed to this court.

It appears from the pleadings and the record before us that plaintiff's wife, in the month of January, 1906, left her home in Edina, for a visit with relatives in St. Louis. She did not return to her home, but in the month of April next following filed a suit for divorce against her husband, the plaintiff herein, in the circuit court of the said city of St. Louis. Before the divorce suit was filed plaintiff's wife went to Edina and appeared before a notary public, accompanied by a negro woman named Katie Bryant, who had formerly been employed by plaintiff and his wife as a domestic. Both women made oath to certain affidavits which plaintiff's wife had in her possession, already prepared, and the notary public was requested to attach his jurat without reading the contents, which was accordingly done. After the filing of the divorce suit plaintiff's wife took depositions in the city of St. Louis, in which charges of improper and immoral conduct, on the part of plaintiff with said Katie Bryant, were made by the plaintiff's wife, and about the same time the notary public informed plaintiff of the incident of his wife and Katie Bryant having executed

the said affidavits before him. Thereupon, on April 20th and 21st, plaintiff took the depositions of eighteen witnesses in Edina, to be used as evidence in the divorce suit, for the purpose of contradicting the evidence on the part of his wife by which she attempted to prove that plaintiff had sought to have improper relations with Katie Bryant. These depositions were filed by plaintiff in the office of the clerk of the circuit court in the city of St. Louis on the 25th day of April, 1906. Plaintiff's wife filed a motion for temporary alimony in the divorce suit, and plaintiff filed an answer to the petition, containing, in addition to a general denial, a plea to the jurisdiction of the court, on the ground that his wife was not a resident of the city of St. Louis. The motion for temporary alimony and the plea to the jurisdiction were taken up by the court on April 27, 1906, and after hearing testimony thereon the court set the case for trial on the merits on the 14th day of June following. The cause came on for trial on the date set, and the taking of testimony occupied three days. On the 28th day of April, 1906, the day after the hearing of the motion for temporary alimony and the plea in abatement, and again on the day following, the Post-Dispatch published in its columns a report of the case, including an abridgment of the testimony in the depositions theretofore taken and filed in court by plaintiff. The first and second counts of the petition in this case are based upon the alleged libelous publication in the said issues of April 28th and 29th, the latter being a reproduction of the article published the day before. The other counts are based upon reports of the testimony in the divorce case as published in the daily editions of the paper during the progress of the trial on the merits.

The answer contained substantially the same defenses to each count of the petition. It admitted the formal allegations of inducement and the publication of the article complained of, but denied that the arti-

cle published was a libel on plaintiff. The answer to each count further alleged that the publication was a reasonably fair and impartial report of the testimony in the divorce case, and therefore privileged as such under the law. It was further alleged, by way of mitigation, that when the court had decided the divorce case in favor of the plaintiff herein, the defendant published the fact of said favorable decision and stated that such decision discredited the testimony against plaintiff at the trial. The reply was a general denial of all new matter in each paragraph of the answer.

At the close of all the evidence appellant voluntarily dismissed as to the fourth and fifth counts of the petition, and the case was submitted to the jury upon the remaining counts, with the result heretofore stated.

As it is conceded that the publications, if false and not privileged, were libelous *per se* on their face, we do not deem it necessary to set them out at length. Such parts of the pleadings and the instructions as may be necessary to an understanding of the questions discussed, will be set out in the course of the opinion.

The Constitution of this State provides that in all suits for libel the jury under the direction of the court, shall determine both the law and the fact. In this case no complaint is made by appellant as to the ruling of the court in admitting or excluding evidence, and as the verdict of the jury, upon the issue of libel or no libel, was for the defendant, the only matter for review upon this appeal is the action of the court in giving and refusing instructions to the jury.

I. Appellant first complains that the court erred "in refusing plaintiff's instruction declaring the law to be that the articles complained of in the first and second counts in the petition were not privileged," for the reason that said articles were not reports of judicial proceedings.

The first and second counts of the petition were based upon the articles published in the issues of the paper of the 28th and 29th of April, and each purported to give an abridged report of the testimony contained in the depositions theretofore taken and filed in court by plaintiff. When the motion for temporary alimony and the plea in abatement were heard on the 27th of April, although testimony was introduced, the depositions were not used and had not been offered in evidence when their contents were published in the articles complained of in said first and second counts. At the request of the plaintiff the court instructed the jury that the defendant claimed the articles as published were privileged as a full and fair report of the testimony contained in depositions on file in court and that whether said publications were a full and fair report of such testimony was a question of fact to be determined by the jury, under other instructions of the court.

Under the facts thus shown by the record, there are two sufficient answers to this assignment of error.

First: Appellant's own instructions submitted the issue of the fairness of the published reports of the contents of the depositions, as a question of fact to be determined by the jury, and having tried the case upon that theory he will not be permitted to shift his position on appeal. ''When a party by instructions, has submitted an issue to a trial court as one of fact, he cannot, on appeal, maintain that it should have been treated as an issue of law.'' [Ellis v. Harrison, 104 Mo. 307; Sawyer v. Walker, 204 Mo. 133.]

Second: When the hearing was had in court on the motion for alimony and plea in abatement, the depositions were on file, and we think that hearing was such judicial action in the case that the publication of a fair report of the proceedings, including the

pleadings and the depositions on file, was privileged under the law. [Meriwether v. Knapp & Co., 211 Mo. 199.]

II. Error is assigned to the action of the court "in not holding that the articles were obscene, scandalous and unfit for publication, as a matter of law." By section 4737, Revised Statutes 1909, it is made a misdemeanor, punishable by fine, or imprisonment, or both, for any person to publish in a newspaper any vulgar, scandalous, obscene or immoral pleadings or evidence in a judicial proceeding. In addition to the prohibition of the statute it is the established law that the privilege of publishing a fair report of judicial proceedings does not extend to the publication of what is obscene and indecent. But appellant does not bring this case within that exception to the law of privilege, for the reason that he asked no instruction upon that theory of the case, and the court is not required to give instructions of its own motion in a civil suit. Neither was such an issue made by the pleadings. [Brown v. Globe Co., 213 Mo. 611; Morgan v. Mulhall, 214 Mo. 451.]

III. Complaint is made that the court erred in refusing, in the form asked, appellant's instructions numbered 1, 2, 3 and 4, on the first, second, third and sixth counts of the petition, and in giving them as modified by the court.

These instructions were the same in form, the difference being only in so far as was necessary to adapt them to the several publications set forth in the different counts. The same modification was made by the court in each instruction, so that what is said as to one will apply equally to the others.

Instruction numbered 1, as requested by appellant, was as follows:

"The plaintiff sues the defendant corporation for the publication of and concerning himself in the St.

Louis Post-Dispatch of the six newspaper articles set out in the six counts of his petition and alleges that the same are false and malicious and libelous; and the publication of such articles is admitted by the defendant. In the first count of his petition plaintiff complains of the publication by the defendant, in its issue of Saturday, April 28, 1906, of the article, as follows, to-wit: [Here follows a copy of the publication complained of.]

"In respect of the foregoing publication, defendant claims in the amended answer, among other defenses, that the article complained of contains a full and fair report of the testimony of witnesses contained in depositions on file in court, and that the publication of the same as an item of news is privileged in law.

"Whether or not said publication is a full and fair report of such testimony, is a question of fact to be determined by you under other instructions of the court.

*"But the court instructs you as a matter of law, that if said article contains matter and comments which are not true then such matter of comment deprives it of the benefits of the legal privilege claimed by the defendant if said privilege otherwise existed; so that the plea of privilege set up by the defendant in its amended answer is no defense to the publication of the said article, unless you find that all the statements therein are true as a matter of fact."*

The part of the instruction in italics was stricken out by the court, and in lieu thereof the following was substituted:

"But the court instructs you, as a matter of law, that if said article contains matter of unfair comments, derogatory to plaintiff, which are not true, then such matter of comments are not entitled to be regarded by you and is not privileged; so that the pleas of privilege as set up by the defendant in its amended

answer is no defense to the publication of said comments, unless you find them true as a matter of fact.''

· As thus modified, the instruction was given by the court over appellant's objection.

In order to a better understanding of the complaint urged against the foregoing instruction as given, it is well to have in mind the issues as made by the pleadings. The alleged libelous publication to which the instruction referred was set forth *in extenso* in the petition, with such other allegations as were necessary in stating the cause of action. One of the defenses of the answer was that the publication ''was a reasonably fair and impartial statement and account of testimony given in open court upon the trial in said court of the divorce suit of Mary Elizabeth Jones against the plaintiff herein.'' The reply was a general denial of the new matter in the answer. The answer did not justify by pleading the truth of the publication, and the court gave an instruction, at plaintiff's request, that the truth of the testimony, as stated in the publication, was not in issue and should be treated as untrue. We therefore have before us a cause of action in which the publication is libelous *per se;* an answer that the publication is a fair report of a judicial proceeding and privileged as such; and a reply denying the new matter in the answer.

In asking the instruction in the form requested, the theory of the plaintiff evidently was that if part of the publication consisted of unfair comment, then the report was not fair and the privilege was destroyed as to the entire publication. But the instruction, as requested, was clearly outside of the issues, in that the truth or falsity of what is termed comment is submitted as an issue of fact for the jury. It is clear that the court did not err in refusing it.

The instruction, as modified by the court and given to the jury, was still more objectionable, for the modification attempts to separate the publication into

two parts, report and comment, leaving what is re-
port under the protection of the privilege, and what
is unfair comment under the defense of justification
by proving the truth thereof, an issue not found in the
pleadings.  Under that theory a report might be ever
so unfair and the publisher escape liability, provided
the part that was unfair could be called comment and
proved to be true, and the remainder shown to be a
correct report of proceedings in court and therefore
privileged.  In a condensed report of judicial proceed-
ings it is not always clear what is comment and what
is report.  Neither the pleadings nor the instructions
in this case suggested any guide to the jury that would
enable them to make the distinction.  How was the
jury to know what part of the publication was com-
ment and what report, so as to apply the defense of
truth to the one and privilege to the other?

In the case of Stiles v. Nokes, 7 East, 506, dis-
cussing a libel case, on a state of facts not greatly dis-
similar to that in hand, Lord ELLENBOROUGH, C. J.
said: ''The account of the proceedings in court is so
interwoven with the comments that we cannot with
certainty separate them throughout, although we can
see plainly enough that certain parts are an over-
charged account of the judicial proceedings. The court
cannot decompose this mass; but the party who re-
quires the separation to be made for his own defense
ought to have taken upon himself the burthen of do-
ing it, in order that the court might see with certainty
what parts he meant to justify.  I should have great
difficulty in saying what parts purport to contain an
account of the trial and what parts are libelous.  If
they cannot be separated by the industry of the plead-
er, how can they be so by general reference?  If they
can be so separated, they ought to have been.''

The issue of unfair comment, or the truth of such
comment, or whether a part of the publication con-
sisted of comment, was not in the case, nor were such

issues recognized in the instructions given at the request of the defendant. In defendant's instruction numbered 15 the jury was instructed that "the only issue under the first and second counts of plaintiff's petition is as to whether the articles published by the defendant on April 28th and 29th were fair reports of proceedings then had and of the contents of depositions then filed in the case of Jones v. Jones," etc. A corresponding instruction was given as to the third and sixth counts. These instructions and those given by the court as modified are clearly inconsistent and contradictory, and it is obvious that the giving of plaintiff's instructions, as modified, constituted a misdirection to the jury and was prejudicial error.

IV.  Appellant also assigns error in the language of the defendant's instructions, attempting to define the defense of privilege in the publication of the alleged libel, as a fair report of a judicial proceeding. The text-books and the decisions all agree as to the law upon that subject, so far as it is involved in the point now before us. It is considered of the greatest public importance that the people should be informed of proceedings in their courts of justice, and to that end the rights of private litigants must yield to the extent that such proceeding may be published, without the publisher incurring any liability for the otherwise libelous character of the publication. And as such proceedings may be of too great length and require too much space to publish a verbatim report thereof, the law permits the publication of an abridged report, provided it is fair and reasonably correct.

The word "fair" has a well recognized meaning when thus used to express the character of the report as an abridgment of the full judicial proceedings. It is used to characterize the report in the sense that it must be just and impartial as to the party complaining. The report may be inaccurate and yet not be un-

fair, or it may be both inaccurate and unfair, but not unfair to the plaintiff, and in such cases the defense of privilege would not be forfeited. As to the complainant, while reasonable accuracy is all that is necessary to bring the report within the privilege, reasonable fairness falls far short of what the law requires. If a reasonably fair and correct report would render the report privileged, then there would be no liability if the report was unfair, provided it was not unreasonably so. But the law does not admit of degrees in the quality of the fairness of the report. To come within the protection of the privilege it must be fair and reasonably correct. [Brown v. Globe Printing Co., 213 Mo. 611; Brown v. Knapp, 213 Mo. 655; Boogher v. Knapp, 97 Mo. 122; Folkard on Law of Slander and Libel (7 Ed.), 108; Odgers on Libel and Slander (4 Ed.), 290.]

Defendant's instruction number 15, after setting forth the law as to the right of the defendant in publishing a report of the proceedings in the divorce case, contains the following direction to the jury:

"If, therefore, you find from the evidence that the articles complained of in the first and second counts of plaintiff's petition were reasonably fair and correct reports of the proceedings then had and of the testimony contained in eighteen depositions then filed in said cause, then your verdict must be for the defendant. The court further instructs you that, for the purpose of determining the meaning of any particular words, sentences or headlines contained in the said articles you should consider the entire articles taken as a whole and not isolated portions thereof, and the question for you to determine is whether such publications taken as a whole are a reasonably fair and correct report of the proceedings of the circuit court of the city of St. Louis during the progress of the trial of said cause and of the contents of the depositions which were then filed therein."

The words "reasonably fair and correct report," as used in the part of the instruction above set out, recur throughout defendant's instructions, in defining the law of privilege. While the latter part of defendant's instruction numbered 17 correctly declares the law as to the fairness of the report, the first part requires only that it be reasonably fair. The erroneous standard of fairness was used in so many instances, unaccompanied by any corrective explanation, that it cannot be said the jury were not misled by the repeated use of the words "reasonably fair and correct." Error is presumptively prejudicial, and after having fully considered the subject we are of the opinion that this error in the instructions was prejudicial to the plaintiff in his substantial rights on the merits of the case.

Other alleged errors are complained of in appellant's brief, which, on account of the views herein expressed, we do not consider necessary to discuss.

The judgment is reversed and the cause remanded. *Ferriss* and *Brown, JJ.,* concur.