MARY RICKARDS, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, June 1, 1914.

1. NEGLIGENCE: Catch Basin: Iron Lid. Where a city maintains a catch basin at the curb by the side of the street, it is its duty to see that an iron lid fitting onto the top should be in such secure condition as not to tip with one who may casually step upon it, and thereby let his leg down into the basin and injure him.

2. PRACTICE, TRIAL: No Instructions. While it is improper practice for plaintiff's lawyer to submit his case without instructions, yet if he does so it is not reversible error.

3. IMPROPER ARGUMENT: Motion for New Trial. Objection and exception to argument of counsel should be preserved in motion for new trial.

Appeal from Jackson Circuit Court.—*Hon. Jas. H. Slover*, Judge.

AFFIRMED.

*A. F. Evans, J. W. Garner* and *A. F. Smith* for appellant.

*T. J. Madden* for respondent.

ELLISON, P. J.—Plaintiff's action is for personal injury which she charges was due to the negligence of the defendant city. She recovered judgment in the circuit court.

It appears that the city maintained a surface water drain on the east side of Summit street just south of its intersection with 26th street. The top of this at the surface of the street is covered by an iron frame work, in the center of which is an iron lid about fourteen inches in diameter. This lid should fit into the opening which it covers and it rests upon a flange in the iron frame, much after the manner of a cooking stove lid. An iron grate placed on one side and beneath this top let in the surface water where it was carried off by underground drains or sewers. There was much evidence tending to show that the lid was faulty in construction and that it would "wobble" and "tip" when one would step upon it. It was maintained by the city, near where street cars stopped and where those waiting for cars would stop and where they were liable to stand. There was no sidewalk at this place and the basin while, of course, not in the travelled street, was just inside the curbing, or between the curb and sidewalk space.

This plaintiff with her children were waiting at this point for a street car and she stepped on the lid when it turned with her edgeways letting one foot and leg into the opening, the edge striking her private parts with such great force as to mangle and injure her in a severe and permanent way.

We do not discover any reasonable ground for this appeal. The evidence as to the defective condition of the iron top was abundant and there was evidence that this was known, or should have been known,

to the city, for it had been maintained in such condition a long period of time.

It is suggested that plaintiff did not ask instructions, save a general one as to the damages. Defendant asked several which were given. In civil cases it is not necessary that any instructions be given. If a party does not desire any, or but one, that is his privilege. [Morgan v. Mulhall, 214 Mo. 451; Jones v. Pub. Co., 240 Mo. 200, 210; Wilson v. K. C. Southern Ry. Co., 122 Mo. App. 667, 672-674.] It has not been understood that the case of Eversole v. Railroad, 249 Mo. 523, overruled the foregoing cases and the long line of decisions cited therein. That case very properly condemns the practice of lawyers in submitting their cases without an instruction on the facts relied upon; but it does not decide that they have not the legal right to do so in civil cases. It is not good practice, though within legal bounds.

Objection is made to the conduct of counsel in argument. There are two reasons for overruling this point. One that the counsel's argument was not improper and the other that such objection and exception was not preserved in the motion for new trial.

After an examination of the record we find no error and hence affirm the judgment. All concur.