State ex rel. v. Broaddus.

# THE STATE ex rel. BEN S. STROTHER et al. v. BROADDUS et al., Judges.

## In Banc, May 9, 1911.

1. **PLEADING AND PRACTICE: Prohibition: Section 1951 Applicable.** Sec. 1951, R. S. 1909, providing that an issue of law may arise "upon an allegation of fact in a pleading by one party, the truth of which is not controverted by the other," is applicable to suits in prohibition; and though there be no demurrer, yet if both parties have treated the case as at issue, it will be determined upon the facts alleged in the pleadings which are not denied.

2. **PROHIBITION: Office of Writ: Completed Act.** The office of the writ of prohibition is to restrain and prevent the exercise of judicial power in an action or matter pending before the court or body sought to be prohibited, and not to annul or correct proceedings already terminated at the time of the issuance of the writ. The writ should be denied if asked to prohibit an act which has been performed.

3. ————: **After Motion for Rehearing.** Where a case had been submitted to a court of appeals for decision, had been decided, the judgment of the trial court affirmed, a motion for rehearing filed and overruled, and the mandate transmitted to the lower court, before a preliminary rule of prohibition was issued, the writ of prohibition is not applicable to prohibit the exercise of jurisdiction by the judges of the court of appeals, on the ground that a Federal question was involved. When the court of appeals affirmed the judgment and transmitted its mandate to the trial court, the cause was no longer before it. Thereafter any further action towards the enforcement of the judgment must necessarily have been taken by the latter court.

4. ————: **Federal Question: Bankrupt: No Discharge: Defense.** An allegation in the answer that "the defendant has been adjudged a bankrupt in Federal court, but not yet discharged" did not so inject a Federal question into the issues of the suit on a promissory note as to deprive the court of appeals of appellate jurisdiction over the case. An adjudication of bankruptcy, without a discharge, is no defense to a cause pending in a State court. It is a right which the bankrupt or anyone interested in his estate may have enforced in the State court, by having the cause stayed "until the question of the bankrupt's discharge is determined." But a right to such stay does not amount to a defense to the action. And where no application

for a stay of proceedings was made, and the matter of a stay was entirely outside the issues tried in the circuit court and adjudicated by the court of appeals, there was no Federal question involved in the case, and no writ of prohibition should go.

## Prohibition.

WRIT DENIED.

*Strother & Campbell, R. B. Kirwin* and *George B. Strother* for relators.

(1) It is alleged in the amended answer that defendant had been adjudged a bankrupt in the Federal court. It was conceded in the trial by attorney for J. W. Bowman, the plaintiff in said cause, that "that was one of defendant's (relator's) defenses," and in relator's application (in the nature of a motion for a rehearing) for discharge the following argument with the authorities therefor was presented and is now pending in the court of bankruptcy. "The bankrupt is entitled to a discharge as a matter of right unless he has committed some of the offenses enumerated in the act." In re Marshall Paper Co., 102 Fed. 872; Stevens v. Hooper, 105 Fed. 864, 96 Fed. 597. Any order made in the progress of a bankruptcy proceeding may be subsequently set aside and vacated, regardless of terms of court that have elapsed, provided rights have not become vested under it which will be disturbed by its vacation. In re Innes, 113 Fed. 913; Sandusky v. Indianapolis Bank, 23 Atl. 289; Lisberger v. Garnett, 1 Hughes, 650; In re Betts, 4 Dill. 98; Boutwell v. Aldrice, 2 Hughes, 122; Bankruptcy Act, sec. 2, clause 8; Silofsky v. Abraham, 183 Mass. 401. In this case we have filed a motion to reconsider the refusal to discharge bankrupt, and to reconsider and reject the claim of J. W. Bowman, the only objecting creditor to the discharge of bankrupt. Inasmuch as the claim of said Bowman was fraudulently sworn to

and illegally proved up to the amount of $10,815.50 and it has since been demonstrated by a trial in the State court that said claim of Bowman was founded on and originated in the violation of the criminal laws of Missouri, and therefore void and against public policy, this court should reopen the case in furtherance of justice and discharge bankrupt, as the object and spirit of the law favors a discharge. Straus v. Hooper, 105 Fed. 590; United States v. Hammond, 104 Fed. 864; In re Reenstossel, 96 Fed. 597; In re Thomas, 92 Fed. 912. (b) By reason of the pendency of the above application for discharge in the bankruptcy court, and by reason of the allegation in defendant's answer that the same was pending in the bankrupt court, and by reason of the fact that Bowman's attorney conceded in the trial of the cause that the bankruptcy matter was one of our defenses, it is now urged that relator's appeal and petition for a writ of prohibition should be heard in the Supreme Court, because it is the only court that has appellate jurisdiction when the validity and authority of an act of Congress is referred to and brought in question. Sec. 12, art. 6, Constitution of Missouri; Lumber Co. v. Harvester Co., 215 Mo. 233; State ex rel. v. Reynolds, 209 Mo. 182; Tullock v. Mulvane, 184 U. S. 497; Railroad v. Smith, 184 U. S. 530; Rogers v. Ins. Co., 186 Mo. 249; Wabash v. Railroad, 118 Mo. App. 124. (2) Under section 3, article 6, of the Constitution of Missouri, the Supreme Court is given superintending control and authority over inferior courts, and where the inferior courts disregard the rulings and constructions of the Supreme Court, it is the duty as well as the law that the Supreme Court issue its writs of prohibition and mandamus and control these lower courts, thereby preventing chaos and confusion. The opinion of the Kansas City Court of Appeals was contrary to all of the controlling decisions of the Supreme Court in regard to the construction of section 2358, the Supreme Court

having invaribly held that where an act is declared to
be criminal by the Legislature all notes and contracts
made in violation thereof are null and void, because
the presumption will always be indulged that where the
Legislature used words that had been previously con-
strued, that construction will be read into the act as
effectively as if put there by the Legislature itself.
State v. Reynolds, 209 Mo. 183; In re Brown, 83 Mo.
441; Kelley v. Thuey, 143 Mo. 437; Downing v. Ringer,
7 Mo. 586. The following is a partial list of the many
decisions declaring the contract to do an unlawful act
is itself void, and that contracts and notes given in
violation of a criminal law are absolutely void. They
are against public policy. Downing v. Ringer, 7 Mo.
585; The State Amusement Co. v. Amusement Co.,
192 Mo. 423; Barney v. Spangler, 131 Mo. App. 58; Hill
v. Sheridan, 128 Mo. App. 415; Buck v. Wedleham,
124 Mo. App. 349; Roeden v. Robinson, 202 Mo. 522;
Wheeler v. Land Co., 193 Mo. 473; Landy v. Elmore,
133 Mo. App. 409; Sawyer v. Sanderson, 113 Mo. App.
233; 1 Parsons on Contract, 497; Ward v. Hartley,
178 Mo. 140; Hagerty v. Storage, 143 Mo. 247; Wol-
ford v. Dunkin, 80 Mo. App. 421; Ex parte Berger,
193 Mo. 16; Zinc & Lead Co. v. Zinc Co., 221 Mo. 7.
The evidence in this case is undisputed, and the writ-
ten contracts between plaintiff and defendant pro-
vided, and the verdict of the jury found, that plaintiff
conceded that he exacted and received usurious interest
in excess of 2 per cent a month and in violation of the
criminal statute, Sec. 2558, R. S. 1899.


*A. N. Gossett* for respondents

(1) The application for this writ of prohibition
came too late because in the Court of Appeals it was
determined by  affirmance of the judgment of the
lower court on May 23, 1910, and motion for rehearing
overruled on June 6, 1910. Motion to certify to this

court overruled on July 9, 1910. Mandate from Court
of Appeals to lower court on June 17, 1910. Applica-
tion for writ of prohibition was not made until July
7, 1910, and the preliminary rule not issued until Sep-
tember 17, 1910. There is therefore no further contem-
plated action of the Court of Appeals, and nothing
to be prohibited.   (2)   The attempt of relators to get
this court to take jurisdiction of the cause on the
ground that the decision of the Court of Appeals was
in conflict with other decisions of this court (however,
we submit that it is not), and the relator's claims that
the judgments of the State court and of the Court of
Appeals were erroneous on the question of usury, have
no place in an application for a writ of prohibition.
Constitution, art. 6, sec. 12, amended in 1884, sec. 6
of amendment. No writs of error run from the Supreme
Court to the Court of Appeals, and no appeal can be
taken from the decision of the Court of Appeals. Rail-
road v. Smith, 154 Mo. 300.   (3)   The cause in the
Court of Appeals did not draw in question "the valid-
ity of a treaty or statute of or authority exercised un-
der the United States," as specified in article 6, sec.
12 of the Constitution, for the reasons: (a) Cases in-
volving merely the construction of a Federal statute
do not come within this constitutional provision:
Vaughn v. Railroad, 145 Mo. 57; White v. Railroad,
157 Mo. 518; Carslyle v. Railroad, 168 Mo. 652; Rail-
road v. Smith, 154 Mo. 300; Lail v. Express Co., 81
Mo. App. 532.   (b)   The question was not raised in
the circuit court. The only reference to the bankruptcy
proceeding set up in defendant's answer was that "de-
fendant has been adjudged a bankrupt in the Federal
court but not yet discharged." No request is shown
in the record at any place to stay the suit in the State
court. The fact that the defendant had been adjudged
a bankrupt and refused his discharge shows conclu-
sively that the plaintiff, Bowman, was entitled to go on
with his suit on the notes commenced before the volun-

tary proceeding was instituted. Suit on the notes was instituted in September, 1906. The bankruptcy proceedings were commenced in March, 1907. The amended answer was filed on the day the trial commenced, December 1, 1908. The discharge was denied September 8, 1908. That suit was stayed nearly two years, until the relator was denied his discharge in bankruptcy. In the trial below defendants' counsel evidently took the erroneous position that his having been adjudged a bankrupt and refused a discharge constituted a defense to the merits of the case. Pendency of bankruptcy proceedings before discharge is denied may be urged as a ground to stay a pending suit, but not as a ground of defense on the merits. (c) On refusal of a discharge all jurisdiction of the bankruptcy court is removed, and creditors of the bankrupt can proceed with their suits even though expressly stayed prior to that time. A motion to set aside a discharge can only be in the nature of a motion for new trial and can not and does not avoid the effect of the judgment denying the discharge. Secs. 2 and 11, Bankrupt Act. It will be observed that this suit was pending at the time the petition in bankruptcy was filed. It was tried after the discharge was denied. In re Lesser, 99 Fed. 13; 40 C. C. A. 177; Haber v. Klauberg, 3 Mo. App. 342; In re City Bank, 3 How. (U. S.) 292; Hill v. Harding, 17 Otto, 631.

KENNISH, J.—This is an original proceeding in which the relators, Ben S. Strother and Nellie M. Strother, applied by petition for a writ of prohibition against the respondents, the Judges of the Kansas City Court of Appeals.

The petition was filed with the clerk of this court on the 7th day of July, 1910. A preliminary rule was awarded on the 29th day of the same month, directed to the respondents, commanding them to desist and refrain from any further proceedings in a certain action

in the said court of appeals, in which relators were plaintiffs in error and one J. W. Bowman was defendant in error, and further commanding them to appear before this court on the 11th day of October, 1910, and show cause, if any they had, why they and each of them should not be restrained and prohibited from taking any further proceedings in the said action. The preliminary rule was served on the respondents on the — day of September, 1910, and in due time respondents filed their return thereto, pleading affirmatively facts alleged as constituting a sufficient cause why a peremptory writ of prohibition should not be issued against them. Relators filed a reply to the return of the respondents, setting forth new matters, and respondents filed what is designated as a "reply to relators' answer to respondents' return," pleading additional facts and concluding with a prayer for judgment.

Upon the foregoing pleadings and the briefs of the parties, the cause was submitted as at issue.

The determinative facts of this case, as found in the pleadings of the respective parties, the truth of which is not controverted, are substantially as follows:

On the 7th day of September, 1906, J. W. Bowman brought suit in the circuit court of Jackson county, Missouri, against the relators herein, upon two promissory notes, one for six thousand dollars and the other for four thousand dollars, to recover the sum therein alleged to be due. Relator Ben S. Strother, on the 7th day of March, 1907, and when said suit was pending against relators on said notes, filed a petition in bankruptcy in the United States District Court at Kansas City, and on the — day of —, 1907, was by said court adjudged a bankrupt. On the 8th day of September, 1908, the petition of said relator for final discharge in bankruptcy was denied by the district court.

No application was made at any time, either in the district court or in the circuit court of Jackson

county, for a stay of proceedings in the action pending against the relators in said circuit court, as authorized by the bankrupt law. On the 1st day of December, 1908, and after the relator Ben S. Strother had been denied a discharge in bankruptcy, he filed a separate amended answer, consisting of two defenses to each of the two counts of the action in the said circuit court, in the first of which defenses, a general denial, the following statement or allegation was made, to-wit, "Defendant has been adjudged a bankrupt in Federal court but not yet discharged."

A trial was had in said cause in the circuit court on the 2d day of December, 1908, in which no evidence was offered nor instruction asked by relators as to the allegation of bankruptcy in the amended answer of relator, Ben S. Strother. Judgment was rendered in favor of plaintiff and against relators in the sum of six thousand seven hundred and fifty dollars. Thereafter relators sued out a writ of error in this court, directed to the said circuit court, and thereupon the said judgment against relators was brought to this court for review, but because of a change of the appellate jurisdiction of this court by a recent act of the General Assembly, the said writ of error, upon a stipulation of the parties thereto, was transferred by this court to the Kansas City Court of Appeals.

On the 12th day of April, 1910, in the said court of appeals, the cause was by both parties submitted for decision on printed briefs and oral argument, and the court on the 23d day of May, 1910, delivered an opinion therein affirming the judgment of the trial court. The relators filed a motion for a rehearing, which on the 6th day of June, 1910, was overruled, and on the 17th day of June the clerk of said court of appeals, as required by law, transmitted to the circuit court the opinion and mandate of the court of appeals affirming the judgment of the trial court. Relators on the 9th day of July, 1910, after the filing of the pe-

tition for a writ of prohibition in this court, filed in the court of appeals a motion to certify the said cause to this court, alleging as a reason that a Federal question was involved, and therefore the court of appeals did not have appellate jurisdiction to determine the same, which motion was overruled.

The preliminary rule in prohibition was issued by this court on the 29th day of July, 1910, and served upon respondents on the——day of September, 1910, and they made return thereto in this court as heretofore stated.

In the view we take of the case the foregoing is deemed a sufficient satement of the facts as gathered from the voluminous pleadings and records submitted.

Neither party has raised an issue of law by demurrer, motion for judgment or other pleading filed for that purpose, but both parties have treated the case as at issue. And as it is provided by section 1951, Revised Statutes 1909, which is applicable to suits in prohibition in this court, that an issue of law may arise "upon an allegation of fact in a pleading by one party, the truth of which is not controverted by the other," we shall consider the case at issue upon the facts alleged in the pleadings which are not denied and which we deem material to the determination of the questions of law presented.

To entitle the relators to the peremptory writ of prohibition prayed for it is incumbent upon them to maintain two propositions: (1), That the case in which the exercise of judicial power was sought to be prohibited was then pending in the said court of appeals, so that it was within the power of the respondents to attempt to exercise jurisdiction denied in the petition; (2), That the validity or authority of an act of Congress was involved or brought in question in the said cause so pending on appeal and that therefore the court of appeals and respondents were without appellate jurisdiction to take any valid action therein.

The office of the writ of prohibition is to restrain and prevent the exercise of judicial power in an action or matter pending before the court or body sought to be prohibited, and not to annul or correct proceedings already terminated at the time of the issuance of the writ, and the writ should be denied if asked to prohibit an act which has been performed. [R. S. 1909, sec. 2622; State ex rel. v. Ryan, 180 Mo. 32; Klingelhoefer v. Smith, 171 Mo. 455; State ex rel. v. Rombauer, 105 Mo. 103; 16 Ency. Pl. and Pr. 1132; 32 Cyc. 603.]

It is shown by the undisputed facts in this record that the case in which the exercise of jurisdiction is sought to be prohibited had been submitted to the court of appeals for decision; that the court had decided the case, affirming the judgment of the trial court, had overruled relators' motion for a rehearing, and that its mandate had been transmitted to the lower court more than a month before the preliminary rule was issued by this court against respondents. And, for aught that appears in the record to the contrary, the court may have adjourned the term at which such final action in said cause had been taken, before the said preliminary rule was issued.

The cause was before the court of appeals on a writ of error and when it affirmed the judgment and transmitted its mandate to the trial court, the cause was no longer before it, and any further action in the enforcement of the judgment must necessarily have been exercised by the latter court. [Klingelhoefer v. Smith, supra; State ex rel. v. St. Louis Court of Appeals, 97 Mo. 276.] There was therefore nothing for the writ of prohibition to act upon when issued by this court, and it was issued too late under the law as found in the authorities cited.

Relators also prayed in their petition for an order on the respondents requiring them, as Judges of the Kansas City Court of Appeals, to transfer the said

cause to this court for the reason that a Federal question was involved and that this court alone had appellate jurisdiction in such cases.

In a case where the remedy of prohibition is properly invoked in this court against the court of appeals, on the ground that this court is the tribunal which has appellate jurisdiction of the cause sought to be prohibited, it is within the power of this court, as an incident to the injunctive character of the writ of prohibition, to require the court of appeals to transfer the cause to this court for decision. However, if the cause sought to be transferred has finally passed from the jurisdiction of the court of appeals, so that further proceedings therein cannot be prohibited, then for the same reason, the cause would be beyond the reach of that court for the purpose of an order to transfer to this court.

The contention that a Federal question was involved in the issues of the case presented to the court of appeals is predicated upon the fact that the relator Ben. S. Strother, in a separate amended answer, made the allegation that "the defendant has been adjudged a bankrupt in Federal court but not yet discharged." No allegation is made that a discharge had not been denied relator in the bankruptcy court, or that the pending case was for the recovery of a debt from which a discharge in bankruptcy would be a release, under either of which hypotheses relator would not have been entitled to a stay of proceedings. It is provided by section 11a of the bankruptcy law that: "A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a

discharge, then until the question of such discharge
is determined.'' Assuming that the case in the State
court was one in which the relator Ben. S. Strother
was entitled to a stay of proceedings, the question
arises, did the relator, by the allegation in his answer
as to his having been adjudged a bankrupt, inject a
Federal question into the issues which had the effect
of depriving the court of appeals of appellate juris-
diction? The fact of an adjudication of bankruptcy,
before discharge, is clearly not a defense to a cause
pending in the State court. It is a right which the
bankrupt or anyone interested in his estate may have
enforced in the State court, by having the cause stayed
''until the question of the bankrupt's discharge is de-
termined.'' The relator had the undoubted right, by
proper application in the State court, the necessary
facts appearing, to an order staying proceedings in the
cause for such time as is provided by the bankrupt law,
but the right to such a stay does not amount to a de-
fense to the action pending in the State court. If re-
lator desired to avail himself of his right to a stay
of proceedings, he should have presented his applica-
tion to the State court, showing the facts which en-
titled him thereto, and it would have been the duty of
the court to have granted the application, but it was
not the duty of the court to grant such stay upon the
allegation as to bankruptcy made in the relator's an-
swer. But whether the court should have granted a
stay or not was a matter entirely outside of the issues
tried in the said court and adjudicated by the re-
spondents on appeal as Judges of the Court of Ap-
peals.

The question as to the right of a bankrupt to a
stay of proceedings in the State court, and what is re-
quired of him to that end in the premises, is discussed
in the case of In re Geister, 97 Fed. l. c. 323, as fol-
lows:

234 Sup.—24

"In Eyster v. Gaff, 91 U. S. 521; in speaking of the effect of an adjudication in bankruptcy on the jurisdiction of a State court over a case commenced therein prior to the institution of proceedings in bankruptcy, the Supreme Court said: 'The court in the case before us had acquired jurisdiction of the parties and of the subject-matter of the suit. It was competent to administer full justice, and was proceeding, according to the law which governed such a suit, to do so. It could not take judicial notice of the proceedings in bankruptcy in another court, however seriously they might have affected the rights of parties to the suit already pending. It was the duty of that court to proceed to a decree as between the parties before it, until by some proper pleadings in the case it was informed of the changed relations of any of those parties to the subject-matter of the suit.'

"The rule thus announced under the provisions of the Act of 1867 is clearly applicable to section 11 of the Act of 1898, and points out the course to be pursued in cases like that now under consideration. The bankrupt who is the defendant in the State court should file in that court a proper pleading setting forth the pendency of the proceedings in bankruptcy, and, based thereon, should ask a stay as provided for in section 11; and, upon being thus informed of the pendency of the proceedings in bankruptcy, it will become the duty of the State court to grant the stay prayed for."

In addition to the foregoing, it is shown by the record that no proceedings were had or taken in the State court on the case pending therein, after relator had been adjudged a bankrupt, until more than three months after he had been denied a discharge by the Federal court, so that if a stay had been applied for and granted, it would not have been in force when the action against relators was tried in the circuit court.

It is clear that there was no Federal question involved in the case which relators sought to prohibit, and that the court of appeals was possessed of full jurisdiction to hear and determine the writ of error transferred to it by order of this court.

For the reasons given, the peremptory writ of prohibition should be denied. It is so ordered. All concur.