THE STATE EX REL. KANSAS CITY and HERBERT V. JONES ET AL., Members of Board of Zoning Appeals, v. CLARENCE A. BURNEY, Judge of Circuit Court of Jackson County.—23 S. W. (2d) 117.

Court en Banc, December 30, 1929.

*John T. Barker* and *Wm. H. Allen* for relators.

*James A. Reed, James E. Taylor, Maurice J. O'Sullivan* and *Julius C. Shapiro* for respondent.

BLAIR, J.—*Prohibition.* Respondent is judge of Division No. 6 of the Circuit Court of Jackson County. Relators seek to prohibit him from taking certain steps in a certiorari proceeding against the Board of Zoning Appeals of Kansas City pending in said court. Our provisional rule issued. Respondent filed his return, comprising a demurrer to portions of relators' petition and an answer to other portions thereof. Relators filed their motion to strike out certain portions of the return and this motion was taken with the case. The facts fully appear in the pleadings and are not controverted.

Relators are the city of Kansas City and the individual members of the Board of Zoning Appeals of said city. On May 23, 1929, the Circuit Court of Jackson County, on petition of Charles C. Nigro, issued its writ of certiorari to review the action of said Board of Zoning Appeals in refusing to modify the provisions of the zoning ordinance of Kansas City in respect to certain property belonging to Nigro. Said cause was assigned to Division No. 6 of said court, over which respondent presides as judge. On July 11, 1921, according to relators' petition, "respondent made and entered a finding of facts and declaration of law in said cause, ordering and decreeing that the action of the Board of Zoning Appeals in failing and refusing to modify the provisions of said zoning ordinance aforesaid, acted unreasonably, arbitrarily and unlawfully, and said respondent further ordered the Building Commissioner of Kansas City, who was not a party to that suit, to issue forthwith a building permit to the petitioner in that cause."

. Thereafter timely motions for new trial and in arrest of judgment were filed by relators. On July 16, 1929, Nigro filed his motion to modify the court's decree, and on July 20, 1929, respondent sustained said motion and entered an order, the substance of which we will briefly sketch. Respondent found that the general rules and regulations of the zoning ordinance, as applied to the real estate owned by Nigro, were unjust, unreasonable, discriminatory and unlawful and deprived Nigro of his real estate and the use thereof, and reversed, quashed and for naught held the order of the Board of Zoning Appeals and held that the zoning ordinance, as applied to said real estate, should be modified and partially suspended so as to permit the owner thereof to use the same for retail business purposes and to erect thereon a store and business building. Kansas City and its officers and agents were ordered and directed to issue to Nigro a permit for the erection and construction of a one-story business store building on said real estate. We quote the remainder of respondent's order in full:

"And it appearing to the court that relator has paid to said city the necessary fees for the issuance of said permit and that his plans and specifications have been approved by said city and by its commissioner of buildings and that said city and its officers, agents and employees have failed and neglected to issue to relator a proper building permit, and that no reason exists for such failure, it is ordered and adjudged that if said Kansas City, its officers, agents and employees shall fail, neglect or refuse to issue such building permit forthwith, that this decree shall operate as such permit and the relator is authorized and empowered to proceed with the erection and construction of the proposed improvements on the real estate aforesaid, and Kansas City, Missouri, its officers, agents and employees and all other persons, shall be and they are estopped from claiming or attempting to claim that relator is proceeding with the erection or construction of said proposed improvements without a proper permit therefor; and it is ordered that the costs herein be paid by relator and that execution issue to enforce this decree.

"The defendants' motion for a new trial, heretofore filed herein, coming on for hearing and same having been fully considered by the court, is in all respects overruled, to which action and ruling of the court the defendants then and there excepted.

"Defendants refiled motion for a new trial and motion in arrest of judgment and same are taken up, considered and by the court overruled to which action and ruling of the court defendants and each of them excepted and still except.

"Defendants' application and affidavit for appeal filed and appeal allowed to the Supreme Court of the State of Missouri.

"Defendants' oral motion to enter order to have appeal act as a supersedeas is overruled and it is ordered said appeal shall not act as a supersedeas to the order and decree of the court entered herein, to which action and ruling of the court defendants and each of them, excepted and still except."

As appears from the excerpt quoted, relators were granted an appeal to this court and their oral motion to have such appeal act as supersedeas was overruled. Respondent went even further than that and entered a specific order that said appeal should *not* act as a supersedeas.

The allegation of relators' petition that respondent "now is undertaking to execute and enforce said judgment in violation of law" is a mere conclusion of the pleader and not the allegation of any facts from which this court may determine for itself what, if any, proceedings or acts subsequent to relators' appeal respondent is threatening to take or perform. It is evident from the portion of the order quoted that respondent did not contemplate taking any further steps to enforce his decree, because he provided therein that the decree itself should be Nigro's authority or permit for the construction of the store building on his property and that relators should be estopped from claiming otherwise.

It does not appear from the pleadings what steps respondent was about to take or was threatening to take to enforce said decree. It does not appear that he was about to cite any officer of the city for contempt of court for refusing to obey his decree or for interfering with Nigro in the enjoyment thereof. In short, it appears that the judicial action relators seek to prohibit was a fully accomplished judicial act at the time relators filed their petition in this court.

True, the decree provides that "execution issue to enforce this decree." This provision is uniformly found in orders, decrees and judgments of courts and does not of itself indicate any particular contemplated action on the part of the judge of the court. While the clause quoted refers to the decree, it is apparent that the execution ordered issued was intended to enforce payment of the costs rather than to compel obedience to the decree, because the decree on its face shows that there was no need of an execution to authorize Nigro to construct his store building on the premises in question. After the decree was entered on July 20, 1929, all proceedings in the case before respondent were clearly at an end.

Is prohibition the appropriate remedy under such circumstances? The general rule is that the writ of prohibition will not issue when the act sought to be prohibited is already done. The writ is preventive in scope. It cannot be used to annul or correct erroneous judicial proceedings already had. [32 Cyc. 603; 22 R. C. L. 29, sec. 29; High on Extraordinary Remedies, 710, sec. 766; State ex rel.

368

Campbell v. St. Louis Court of Appeals, 97 Mo. 276, l. c. 282, 10 S. W. 874; State ex rel. Morse v. Burckhartt, 87 Mo. 533, l. c. 539; Klingelhoefer v. Smith, 171 Mo. 455, l. c. 462, 71 S. W. 1008; State ex rel. Strother v. Broaddus, 234 Mo. 358, l. c. 367, 137 S. W. 268.]

What relators are really seeking to do in this proceeding is to annul or correct respondent's final order that the appeal should not act as a supersedeas. Prohibition cannot be used for such purpose.

But, even if respondent judge had threatened to take some action in the case subsequent to the granting of the appeal, prohibition would not be available to relators if they have an adequate remedy by appeal and it would seem that the special appeal provided for by Section 1474, Revised Statutes 1919, provides such a remedy. That section provides for a special appeal, granted within one year after judgment, by a judge of the appellate court having appellate jurisdiction of the particular case, with provision for stay of proceedings under certain circumstances. Our records disclose that litigants in the past have had recourse to such special appeal when denied supersedeas on an ordinary appeal. [State ex rel. City of St. Joseph v. Busby (Mo. Sup.), 274 S. W. 1067.]

It appears that our provisional rule was improvidently issued and should now be discharged. Let an order go accordingly. All concur, except *Walker, J.*, absent.