STATE ex rel. RUTH ELLIS and F. D. WILKINS, Relators, v. THE HONORABLE B. RICHARDS CREECH, Judge of the Circuit Court of Lincoln County, Missouri, Respondent, No. 43624—259 S. W. (2d) 372.

Court en Banc, June 8, 1953.

Rehearing Denied, July 13, 1953.

*Warren Turner* and *Rendlen & Rendlen* for relators.

*Brevator J. Creech* for respondent.

HYDE, J.—Prohibition to prevent respondent Judge from enforcing a temporary injunction in the case of Raymond E. Ellis v. Ruth Ellis et al. pending in the Circuit Court of Lincoln County and directing him to strike this order from the records of the Court. The question for decision is whether respondent, after disqualifying in the case and being replaced by a transferred Judge, had jurisdiction to order a temporary injunction therein.

Relator Ruth Ellis was granted a decree of divorce from Raymond E. Ellis in 1951, in the Circuit Court of Lincoln County, after an agreement to settle property rights had previously been made by them. In this settlement it was agreed that Ruth Ellis would deed her interest in a 160 acre farm in Lincoln County to Raymond Ellis and that he would execute a trust deed on the farm securing annual payments to her of $3000.00 for ten years; and make certain other cash payments in settlement of her property rights and his obligation of support. These deeds were made and relator F. D. Wilkins was named trustee in the trust deed. In September 1952, Raymond Ellis filed a suit in the Circuit Court of Lincoln County against relators and others to set aside the divorce decree, the property settlement and the trust deed on grounds of fraud and conspiracy. Respondent disqualified in this case and requested the Supreme Court to temporarily transfer a Circuit Judge to hear the case. This Court transferred Honorable Roy B. Meriwether, Judge of the 10th Judicial Circuit, for that purpose. We take notice from our records that Judge Meriwether has tried this case on the merits and dismissed plaintiff's cause; and that it is now pending here on appeal as No. 43683.

The $3000.00 payment, due October 1, 1952, secured by the trust deed was not made and relators had the land advertised for sale on November 22, 1952. On November 19, 1952, Raymond Ellis filed a petition in his case, under the provisions of Sec. 526.040 (statutory references are to RSMo. and V.A.M.S.), for a temporary injunction restraining the foreclosure. Respondent, who was then in Lincoln County (his residence), made an order on November 20, 1952, in

chambers, that a temporary injunction be granted upon deposit of $3000.00 with the Clerk in lieu of bond and this deposit was made. Relators contend that, after respondent disqualified in the case and another Judge was transferred to try the case, then respondent had no jurisdiction to make an order therein for a temporary injunction. We think this contention must be sustained.

In State v. Scott, 359 Mo. 631, 223 S. W. (2d) 453, we held that a judge transferred by Supreme Court order, under Sec. 6, Art. V of the Constitution, to try a particular case, was "clothed with authority to hear the case" although the regular judge of the circuit had entered an order ■■■■ disqualifying himself after previously calling in another judge, who did not try the case. More recently in Cantrell v. City of Caruthersville, (Mo. Sup.), 255 S. W. (2d) 785, we held a judge, sitting at the request of the judge of another circuit under Sec. 15, Art. V, had jurisdiction of the case he was requested to try. We said: "It makes no difference whether the request is to sit in one case or several cases or a whole term or a part of a term; or whether the regular judge of the circuit continues to hold court in the county." This is certainly also true of a judge transferred by the Supreme Court under Sec. 6, Art. V. (See State v. Scott, supra.) We hold that Judge Meriwether had full jurisdiction and authority under the transfer order to try the case on the merits and to make any essential orders in it including the issuance of a temporary injunction. He was a special judge of the Circuit Court of Lincoln County and the 35th Judicial Circuit for the purpose of handling and disposing of that case.

Since Judge Meriwether had full and complete jurisdiction of the case, we think it follows that respondent did not have jurisdiction to order a temporary injunction and does not have jurisdiction to keep it in effect and enforce it. Respondent says the injunction was an ancillary order in the case and was not an act touching the merits or a final judgment, citing In re Pate, (Mo. App.), 107 S. W. (2d) 157. There a judge, who had disqualified to try a disbarment case, made an entry of dismissal at the request of the committee which had filed the proceeding. The Court of Appeals held this dismissal was a voluntary non suit, not involving the merits of the case, which was a matter of right at that stage of the case, and was not a final judgment. No special judge had been selected to try the case and the Court said the judge, who had disqualified, could "make such orders about the proceedings as might be required to have it properly disposed of in that court." Likewise, in State ex rel. Nickerson v. Rose, 351 Mo. 1198, 175 S. W. (2d) 768, we said that a judge, disqualified because of relationship, could make routine orders incident to the disposition of the case and not affecting the merits, such as steps necessary to the selection of a special judge or to transfer the case to another circuit. (See also State v. Bailey, 344 Mo. 322, 126 S. W. (2d) 224.) Respondent also cites

State v. Millsap, 310 Mo. 500, 276 S. W. 625, which held that a judge could receive an indictment against the defendant although disqualified on statutory grounds. from sitting at his trial. Also cited are State ex rel. Harwood v. Sartorius, 355 Mo. 837, 198 S. W. (2d) 690; and State ex rel. Lentz v. Fort, 178 Mo. 518, 77 S. W. 741, but neither of these cases involve the question of the jurisdiction of a judge after disqualification and replacement to order a temporary injunction in the case.

An injunction is no mere routine order. An injunction "is an equitable remedy, and has been held the principal and the most important process issued by courts of equity." (43 C.J.S. 405, Sec. 1.) An injunction is not a matter of right and "its granting rests in the sound discretion of the Court, to be exercised in accordance with well settled equitable principles and in the light of all the facts and circumstances in the case." (28 Am. Jur. 230, Sec. 35.) Thus it is obvious that the merits of the case have some bearing upon the Court's decision to order an injunction and that an injunction is an act touching the merits of the case. The grounds for injunction, stated in Sec. 526.030, make this clear. (See also 4 Houts Missouri Pleading and Practice 125, Sec.'s. 1011, 1013, 1014.) It is argued that Chapter 526 is complete in providing procedure for injunction and that "there is no provision in Chapter 526 providing that where a Circuit Judge disqualifies himself to sit in the trial of a cause that he is disqualified from acting as Judge of the Circuit Court in issuing the temporary writ of injunction." Of course not, because Chapter 526 deals with injunction practice and procedure and not with court organization, disqualification of judges, transfer of judges or venue. We hold that respondent had no jurisdiction or authority to order an injunction in the case after he had disqualified and another judge had been transferred by this Court to replace him in the case and, therefore, his order was coram non judice and void. (See State ex rel. Banks v. Price, 228 Mo. App. 530, 70 S. W. (2d) 130; State ex rel. Fowler v. Calvird, 230 Mo. App. 548, 93 S. W. (2d) ▆ 1106; Edmonds v. Scharff, 279 Mo. 78, 213 S. W. 823.)

▆ It is further argued that prohibition is not a proper remedy here. Respondent's brief says: "The general rule is that prohibition 'will not issue when the act sought to be prohibited is already done. The writ is preventative in scope. It cannot be used to annul or correct proceedings already had.' " Citing State ex rel. Templeton v. Seehorn, Judge, (Mo. App.), 208 S. W. (2d) 789, l.c. 792; State ex rel. and use of Conran v. Duncan, Circuit Judge, 63 S. W. (2d) 135, 333 Mo. 673; State ex rel. Kansas City v. Burney, 324 Mo. 363, 23 S. W. (2d) 117, l.c. 119; and State ex rel. Margaret B. Crouse, et al. v. Mills, 231 Mo. 493, l.c. 503, 133 S. W. 22. However, the injunction in this case is still being enforced and none of the cases cited by respondent involved an injunction. In State ex rel. Taylor v. Nangle, 360

Mo. 122, 227 S. W. (2d) 655, the contention was made that prohibition was improper because the act sought to be prohibited (granting an injunction) had already been performed. We said: "Ordinarily prohibition is preventive, rather than corrective, and issues to restrain the commission of a future act and not to undo an act already performed. Yet there is abundant authority that the remedy is available where a judicial body is proceeding without jurisdiction and some part of its action remains to be performed. If respondent was without jurisdiction to grant the injunction, its enforcement may be prohibited." (See also State ex. rel. St. Louis-S.F.R.Co. v. Russell, 358 Mo. 1136, 219 S. W. (2d) 340; State ex.rel. Harwood v. Sartorius, 355 Mo. 837, 198 S. W. (2d) 690; State ex rel. Henderson v. Cook, 353 Mo. 272, 182 S. W. (2d) 292; State ex rel. Barnett School Dist. No. 66 v. Barton, (Mo. App.) 104 S. W. (2d) 284; State ex rel. Hog Haven Farms v. Pearcy, 328 Mo. 560, 41 S. W. (2d) 403.) We hold that respondent is without jurisdiction to grant or enforce an injunction.

Our provisional rule in prohibition is made absolute and the temporary injunction is dissolved. All concur.