STATE OF MISSOURI at the Relation of ROBERT BOLL, Relator, v. NOAH WEINSTEIN, Judge of the Circuit Court of St. Louis County, Missouri, Respondent.

STATE OF MISSOURI at the Relation of ROBERT BOLL, Relator, v. EDWARD T. EVERSOLE, Judge of the Circuit Court of Jefferson County, Missouri, Respondent, Nos. 45253 and 45258—295 S. W. (2d) 62.

Court en Banc, November 12, 1956.

*James F. Koester* for relator.

*Dearing & Richeson* and *Samuel Richeson* for respondent.

[64] EAGER, J.—Each of these consolidated cases is an original proceeding in this court. The first is in prohibition and the second in mandamus; they arise out of the same facts. These facts are shown by the respective petitions and returns and the attached exhibits. The relator in each case has filed a motion for judgment on the pleadings. The question, therefore, is one of law.

Robert Boll filed suit in St. Louis County against Springlake Park, Inc., for damages for personal injuries. That defendant is a Missouri corporation having its principal office in Jefferson County, Missouri; it has no office or place of business in St. Louis County. The Sheriff of St. Louis County made return of an alias summons, showing that he had served one A. J. Koller, President of the defendant corporation, in St. Louis County. After the lapse of 30 days plaintiff's counsel had a default entered and had the cause set for trial; however, before the trial date was reached, defendant, appearing only for the purpose of the motion, filed its motion to quash the return and service, and to dismiss the action because of improper venue and lack of jurisdiction over the person of defendant; it was stated in that motion that the cause of action did not accrue in St. Louis County and that defendant did not have or keep an office or agent in St. Louis County for the transaction of its usual and customary business. At the hearing of this motion it was admitted, in substance, that these facts were true, and that the cause of action accrued [65] in Jefferson County. The plaintiff there contended, as relator does here, that any objection to improper venue had been waived by the failure to file such a motion within 30 days after service, under § 509.340 (all statutory references herein are to RSMo 1949, V.A.M.S.). That section provides that a party waives all objections then available to him by motion by failure to assert them by motion within the time limited by § 509,330, with certain exceptions not material here. The circuit court entered an order overruling the motion "to the extent that it attacks the return of service on defendant," and sustaining it "to the extent that it attacks the venue of this court." And thereupon the court ordered the cause "transferred" to the Circuit Court of Jefferson County. Thereafter copies of the various pleadings, orders and other papers were duly certified and sent to the Circuit Clerk of Jefferson County, and they were filed there on October 6, 1955. At the time of the entry of the above order the court filed a memorandum, stating that the service on the President of defendant was in accordance with § 506.150 (3), but that the venue was improper under § 508.040; the court further said that it would be "presumed that the court impliedly granted defendant leave to file its motion out of time for good cause" under § 506.060 (2), which provides that the court may permit an act to be done out of time where the failure was the result of excusable neglect. No further proceedings were had in St. Louis County and no action has been

taken in the Jefferson County Circuit Court, except to file the papers. The petition for prohibition, filed here on October 19, 1955, sought to prohibit Judge Weinstein from sending the case to Jefferson County "in order that it may be docketed and tried" in St. Louis County; upon finding that the "removal" had already been effected, relator then filed here, on October 25, 1955, his petition for mandamus asking this court to instruct Judge Eversole, of the Circuit Court of Jefferson County, to order the return of the cause to St. Louis County for trial.

Relator insists here that the question is solely one of venue, and that the defendant in the cause waived any defect in venue by failing to raise it by motion within 30 days after service of summons; also that the service was sufficient under § 506.150 (3). Counsel for respondents assert that the venue was improper, and that this was not waived, but that the Circuit Court of St. Louis County had "inherent power" to transfer the case.

■ It seems entirely clear that the venue here was improper. Section 508.040 is the applicable venue statute when a corporation is the sole defendant. State ex rel. C. H. Atkinson Paving Co. v. Aronson, 345 Mo. 937, 138 S.W. 2d 1; State ex rel. Henning v. Williams, Banc, 345 Mo. 22, 131 S.W. 2d 561; State ex rel. Clay County State Bank et al. v. Waltner, 346 Mo. 1138, 145 S.W. 2d 152. It provides that suits against corporations shall be instituted either in the county where the cause of action accrued, or in any county where such corporations "shall have or usually keep an office or agent for the transaction of their usual and customary business." It is admitted here, as stated, that the cause of action accrued in Jefferson County, and that defendant has no office or place of business in St. Louis County. We may presume from this record that defendant does not keep an agent in St. Louis County for the transaction of its usual business, for the facts indicate the contrary, and the return does not so state; a return of service may not be aided by presumptions or intendments, and it must show on its face that every requisite of the statute has been complied with. Carter v. Flynn, 232 Mo. App. 771, 112 S.W. 2d 364, 369; Stanley v. Sedalia Transit Co., 136 Mo. App. 388, 117 S.W. 685. The return here merely stated that the sheriff served the summons on defendant by delivering a copy of the summons and petition "to A. J. Koller, pres. of the said defendant corporation."

■ The issue here is something more than a mere question of venue. We hold [66] that, the venue being improper, the court acquired no jurisdiction over the person of the defendant by the purported service on its president in St. Louis County. The service statutes and the venue statutes are necessarily construed together. State ex rel. Minihan v. Aronson, 350 Mo. 309, 165 S.W. 2d 404; State ex rel. Henning v. Williams, Banc, 345 Mo. 22, 131 S.W. 2d

561; Hankins v. Smarr et al., 345 Mo. 973, 137 S.W. 2d 499. In State ex rel. Bartlett v. McQueen, Banc, 361 Mo. 1029, 238 S.W. 2d 393, the proceeding was one in prohibition, and a lack of jurisdiction over one defendant in a pending suit was asserted; plaintiff lived in Jackson County and both defendants lived in Platte County. One defendant was served in Jackson County when found there, but the other defendant was served in Platte County. The court held that the venue was improper as to the defendant who was not found in Jackson County, and said, 1. c. 395: "* * * the venue statute must be met and complied with as to each defendant. Proper venue is necessary, before the service of process will confer jurisdiction over the person of a defendant. Yates v. Casteel, 329 Mo. 1101, 49 S.W. 2d 68, 70; Hankins v. Smarr, 345 Mo. 973, 137 S.W. 2d 499, 501; State ex rel. Minihan v. Aronson, 350 Mo. 309, 165 S.W. 2d 404, 407. * * * The provisions of the Code with reference to service of process are subject to statutory venue requirements." As considering, also, such a question as one of jurisdiction, see: State ex rel. St. Joseph Lead Co. v. Jones, Banc, 270 Mo. 230, 192 S.W. 980; Hankins v. Smarr, 345 Mo. 973, 137 S.W. 2d 499; Robinson v. Field, 342 Mo. 778, 117 S.W. 2d 308; Lieffring v. Birt, Mo. App., 154 S.W. 2d 597; Mahan v. Baile, 358 Mo. 625, 216 S.W. 2d 92. We have read the cases cited by relator and find nothing to the contrary. Holding, therefore, that the question is one of jurisdiction, we consider the supposed waiver.

 We need not decide whether there may ever be a waiver of improper venue by a failure to raise the objection by motion in accordance with § 509.340. We do think, however, and so hold, that in order to waive an existing want of jurisdiction over the person of the defendant, there must be some overt act constituting a general appearance, by virtue of which the defendant submits himself or itself to the jurisdiction of the court; Mahan v. Baile, 358 Mo. 625, 216 S.W. 2d 92. Various instances of such appearances are cited in that opinion; and see, for further examples: Lieffring v. Birt, Mo. App., 154 S.W. 2d 597; Robinson v. Field, 342 Mo. 778, 117 S.W. 2d 308. In the Lieffring case, supra, the court referred to the requirement of a "voluntary act such as would constitute a general entry of appearance." In the present case the defendant filed only its motion raising the lack of jurisdiction over it, and attacking the venue; that motion was filed upon a special appearance, and was, we think, a proper method by which to raise these questions. We are unwilling to hold that a defendant, by merely staying out of court, for either a specified time or indefinitely, thereby waives his or its objection to the fact that no proper service has been had. In other words, when there has been no valid service, the defendant certainly waives nothing by not appearing; and not having waived anything at the expiration of 30 days after the invalid service, he certainly does not waive any defect by filing a motion, on special appearance, attacking the juris-

diction and venue after the expiration of 30 days. In short, we hold here that there was no waiver of the lack of jurisdiction over the person of defendant. In this view of the case we need not consider § 506.060 (2), for we do not rely in any sense upon a presumed leave to file the motion or upon any extension of time. Defendant was simply not in the case at all, except by its special appearance.

We have no statutory provisions whatever for the transfer of a cause, such as was made here, from a court of improper venue to the court of the proper venue. Perhaps it could be done by consent under § 508.080, for that would constitute an affirmative [67] waiver and entry of appearance. There was no consent here. The defendant certainly did not apply for a change of venue under § 508.090, which, so far as the disqualification of the judge is concerned, has now been supplanted by the provisions of §§ 6 and 15 of Art. 5, Constitution of 1945 (State ex rel. Creamer v. Blair, Banc, 364 Mo. 927, 270 S.W. 2d 1), nor did the court attempt to disqualify and change the venue under § 508.100, which has been similarly supplanted. Counsel for respondents argue that the court could order this transfer in the exercise of an "inherent power." We can hardly conceive that a court should be permitted thus to change procedures established by statute, or thus to supply omissions in an established procedure. No authority is cited, and we think no applicable authority can be found. We hold that the transfer of this case was in excess of the authority and jurisdiction of the Circuit Court of St. Louis County.

Generally, when there is no jurisdiction over the person of the defendant, prohibition will lie to prevent further action. Respondents, however, raise two further questions. They say that the order of Judge Weinstein transferring this case is not subject to collateral attack by prohibition, citing two cases involving attacks on judgments by proceedings subsequently filed. The cited cases are not applicable. The theory suggested is generally applied in attacks on judgments. We think it has no application here. Prohibition is an original, direct proceeding, the writ being directed to the judge himself, and it reaches his very jurisdiction and authority to proceed. (State ex rel. Terminal RR Ass'n. v. Tracy, 237 Mo. 109, 140 S.W. 888.) In a few instances, prohibition has been referred to as a "collateral proceeding." (State ex rel. Compagnie Generale Transatlantique v. Falkenhainer, 309 Mo. 224, 274 S.W. 758.) Those opinions must be confined to their own factual situations, as, for instance, an attempt to nullify a default judgment when the trial court had, on the facts, found that it had jurisdiction. In the present case we have solely a question of law, and there is no judgment. And see: Davison v. Hough, 165 Mo. 561, 65 S.W. 731; State ex rel. Woolman v. Guinotte, 221 Mo. App. 466, 282 S.W. 68. The proceeding in prohibition is a constituent part of our common law (73 C.J.S., Prohibition, § 2(a), p. 10), and it is recognized by our constitution (§ 4, Art. 5) and our statutes (Ch. 530) as

a primary means by which this court may exercise its superintending control over the inferior courts, as such. In such a situation as the present, it is by no means a collateral attack on an order of the trial court.

Finally, counsel say that prohibition will not issue to stop an act which has already been accomplished, citing State ex rel. Templeton v. Seehorn, Mo. App., 208 S.W. 2d 789; State ex rel. Kansas City v. Burney, Banc, 324 Mo. 363, 23 S.W. 2d 117; and State ex rel. Strother v. Broaddus et al., 234 Mo. 358, 137 S.W. 268. Generally, those cases hold that prohibition is a preventative remedy and cannot be used, as a substitute for an appeal, to undo or annul erroneous judicial proceedings which have already been fully accomplished. The principle is sound, but the authority of those cases is not controlling here. There is abundant authority that the remedy is available when a judicial body is proceeding without jurisdiction and when some part of its action remains to be performed. State ex rel. Taylor v. Nangle, Banc, Mo., 227 S.W. 2d 655, 657; State ex rel. Ellis v. Creech, Banc, 364 Mo. 92, 259 S.W. 2d 372 (where the court dissolved an injunction which had been issued without jurisdiction). By virtue of our writ of mandamus this cause will be returned from Jefferson County, where it was never properly lodged, to St. Louis County; and our writ in prohibition may properly be directed to the latter court, for its future guidance. We are not completely circumscribed by the prayer of relator's petition in prohibition, which was filed before the order of transfer was made; the essential object of that petition, however, was to require respondent Weinstein to keep and try the case. [68] Since we are sending it back, we deem it entirely proper to limit his future action. To hold otherwise would simply require relator to file another petition for the writ, after this opinion is filed; we decline to rule the case on such a narrow and useless ground.

The alternative writ of mandamus will be made peremptory; the preliminary rule in prohibition will be made absolute; by the writ of mandamus respondent Eversole will be directed to enter an order transferring this cause to Division No. 3 of the Circuit Court of St. Louis County; by the writ of prohibition respondent Weinstein will be prohibited from taking any further action in the cause, when returned to him, except to dismiss it for want of proper venue and lack of jurisdiction over the defendant. It is so ordered. All concur.