STATE of Missouri ex rel. Alfonso J. CERVANTES, Mayor of the City of St. Louis, et al., Relators,

v.

The Honorable Lackland H. BLOOM, Judge of the 22nd Judicial Circuit, City of St. Louis, State of Missouri, Respondent.

No. 34401.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 12, 1972.

Eugene P. Freeman, Assistant City Counselor, St. Louis, for relators.

Louis Gilden, Murry L. Randall, St. Louis, Henry P. Monaghan, Boston, Mass., for respondent.

ORIGINAL PROCEEDING IN
PROHIBITION

WEIER, Judge.

■ Relators are the mayor, chief of police, the city counselor and members of the board of police commissioners of the City of St. Louis. They seek our writ to prohibit respondent circuit judge from continuing to restrain relators by temporary injunction from interfering with and arresting producers and members of the cast while they are engaged in the presentation of a musical play entitled "Hair". Our preliminary rule issued and we are now requested to make it absolute.

The suit which gave rise to relators' application for prohibition commenced October 1, 1971, when Southeastern Promotions, Ltd., a corporation, Robert Cherin and Naomi Wexler filed their petition in the Circuit Court of the City of St. Louis. They sought a declaratory judgment that the theatrical production "Hair" was not obscene under the penal terms of Ordinance No. 55621 and prayed for an injunction to restrain relators from enforcing it. Ordinance No. 55621 of the City of St. Louis makes unlawful and punishable the production of or participation in an obscene theatrical performance. By its own terms, the ordinance limits its construction to meanings determined by controlling decisions of the Supreme Court of the United States. At the trial, on October 18, 1971, respondent judge recognized a failure of proof by the plaintiffs as to the nature of the theatrical production. He thereupon decided to supply the absent evidence by traveling to Kansas City, Missouri, on October 19, 1971, to witness a performance of "Hair". Relying in part on his observation of the play in Kansas City, the respondent thereupon entered judgment October 20, 1971, declaring that "Hair" was not obscene and was not in violation of the St. Louis ordinance. Upon oral motion of plaintiffs and for the stated reason his previous decision might be misconstrued, respondent judge issued a temporary injunction on October 27, 1971, to prevent any interference with the performance of "Hair" by relators or the arrest of any of the plaintiffs, their agents or employees. This brought about the instant prohibition proceeding, which resulted in the issuance of our preliminary rule on November 2,

1971, restraining respondent judge from any further action in the declaratory judgment and injunction case pending before him.

Respondent has now suggested that because "Hair" has completed its run of performances in St. Louis and the issue of police interference is no longer alive but is now moot, our preliminary rule should be quashed. Admittedly, "Hair" is no longer being presented to audiences in St. Louis. The temporary injunction issued by respondent would exercise no further restraint. It would also follow that our writ of prohibition would have no further effect on the rights of the parties, since the producers of "Hair" and the actors who participated in its presentation have long since departed.

A case is moot when the issues presented for decision are submitted for judgment upon a matter which, if the judgment is rendered, could have no practical effect upon any then existing controversy. Preisler v. Doherty, 364 Mo. 596, 265 S.W.2d 404, 407[4]. Obviously, the case before us no longer presents a live issue for decision. To continue our writ against respondent would be a useless act.

■■ It is the nature of prohibition to be preventive, rather than corrective. It, of course, issues to restrain the commission of a future act and not to undo one that has already been committed. State ex rel. Ellis v. Creech, 364 Mo. 92, 259 S.W.2d 372, 375[5]. That which respondent has here done may not be corrected in this proceeding and since the reason for future action by respondent no longer exists, there is now no controversy and the issues before us are moot. Courts are not organized and maintained for the purpose of vindicating the actions of parties in bringing lawsuits or settling abstract propositions of law. They act upon an existing controversy where relief can be granted. Gershman Investment Corporation v. Danforth, Mo., 475 S.W.2d 36, 38.

■■ We do not intend that this decision should be interpreted to mean we sanction the action of respondent in issuing the temporary injunction restraining the police in making an arrest if they determined that in the live presentation of "Hair" in St. Louis the city ordinance against obscenity was violated. A court of equity is generally without jurisdiction to interfere with the enforcement of the criminal law. Only where a statute or ordinance is unconstitutional or otherwise invalid and an attempt to enforce it results in irreparable injury to property rights is a court authorized to restrain its enforcement by the police. The two elements of statutory invalidity and irreparable injury must both be present before the exception applies. State ex rel. Eagleton v. McQueen, Mo., 378 S.W.2d 449, 453[6, 7]. Here the court did not hold the ordinance invalid but rather determined in its judgment that the play "Hair" was not obscene. Absent a determination of invalidity, one of the elements to support the exception was missing and the temporary injunction should not have been issued.

In the proceeding before us there appears no determination by the lower court that Ordinance No. 55621 of the City of St. Louis was unconstitutional or otherwise invalid. The temporary injunction restraining relators was therefore improvidently granted. But since the entire matter is now moot, the preliminary writ of prohibition heretofore issued is quashed.

BRADY, C. J., and CLEMENS, J., concur.