

# In the Missouri Court of Appeals
# Eastern District

STATE EX REL., JOHN ROE,           )   No. ED103564

                              )

           Appellant,         )

    vs.                         )

                              )

HON. STEVEN H. GOLDMAN,    )

                              )

           Respondent.       )

## ORDER

Respondent's motion for leave to file response is granted. Respondent's motion for modification of order is denied.

The Court has this date handed down an opinion. Any post-opinion motion shall be filed no later than November 3, 2015.

Respondent is directed to immediately adjourn this Grand Jury and impanel a new Grand Jury as soon as is practicable.

SO ORDERED.

DATED: _____Oct. 30, 2015_____        _Angela T Quigless_____

                                        Angela T. Quigless
                                        Presiding Judge, Writ Division V

cc:    Anthony Rothert
       Robert McCulloch
       Hon. Steven H. Goldman



# In the Missouri Court of Appeals
# Eastern District

## DIVISION FIVE

STATE OF MISSOURI ex rel. )
JOHN ROE, )
     ) No. ED103564
    Relator, )
     ) Petition for Writ of Prohibition
     )
vs. ) St. Louis County Circuit Court
     )
HONORABLE STEVEN H. GOLDMAN )
     )
    Respondent. )
     ) Date: October 30, 2015

Before Angela T. Quigless, P. J., James M. Dowd, J. and Philip M. Hess, J.

PER CURIAM

## Introduction

This matter comes before the Court on Relator John Roe's[1] petition for writ of prohibition asserting that Respondent, the Honorable Steven H. Goldman, improperly removed Relator from service on the St. Louis County Grand Jury ("Grand Jury"). We issued our preliminary order. Respondent filed an answer. We dispense with further briefing and oral argument as authorized by Rule 84.24(j). The preliminary order as modified is made permanent.

---

[1] "John Roe" is a pseudonym used to protect the identity of the grand juror at issue.

The procedural posture relevant to our determination is as follows: Relator was summoned for service on the St. Louis County Grand Jury for its September 2015 term. Respondent was assigned to preside over the selection, empanelment, and subsequent supervision of the Grand Jury. During the selection process, Respondent learned that Relator was an attorney currently employed by a federal agency. Respondent did not learn through his voir dire questioning of Relator that Relator had previously worked for the American Civil Liberties Union ("ACLU") or that Relator had been one of the ACLU attorneys in a lawsuit ("lawsuit") against the St. Louis County Prosecuting Attorney ("Prosecuting Attorney") that alleged improper conduct in connection with the handling of the grand jury that considered the indictment of police officer Darren Wilson following the August 2014 death of Michael Brown in Ferguson.

At the end of the selection process, Respondent selected Relator to serve on the Grand Jury and chose Relator to be the foreperson. The Grand Jury has met twice and has considered over fifty cases thus far.

On September 28, 2015, Respondent made a record in the presence of Relator in which Respondent stated that he had learned from the Prosecuting Attorney of a purported "potential conflict of interest" arising out of Relator's prior role in connection with the aforementioned lawsuit. Respondent stated that from what he had observed of Relator's service as Grand Jury foreperson, there "wasn't any particular problem," but that based on the information from the Prosecuting Attorney, Respondent was concerned that Relator's participation in the lawsuit against the Prosecuting Attorney created an appearance of a conflict though not an actual conflict, according to Respondent. On that basis, Respondent informed Relator that he was being removed from the Grand Jury.

2

When Relator requested an opportunity to respond to Respondent's statements, he was allowed to do so off the record.

Respondent subsequently entered a written order removing Relator from the Grand Jury. In that order, Respondent stated that he removed Relator due to Relator's conflict of interest arising out of Relator's participation in lawsuits against the Prosecuting Attorney that "may have affected his conduct in grand jury proceedings as foreperson in his inquiry of a police officer witness about police officers not following the law and questioning the Prosecutor's decision to charge offenses."

## Analysis

Prohibition is a discretionary writ that may be issued "to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extra-jurisdictional power." *State ex rel. Schwarz Pharma, Inc. v. Dowd*, 432 S.W.3d 764, 768 (Mo.banc 2014); *State ex rel. Wyeth v. Grady*, 262 S.W.3d 216, 219 (Mo.banc 2008). A trial court abuses its discretion if its ruling is "clearly against the logic of the circumstances then before the court and so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Johnson v. McCullough*, 306 S.W.3d 551, 555 (Mo.banc 2010).

In Missouri, the presiding judge assigned to select and supervise a grand jury has the authority to remove a juror under certain circumstances set out by statute. Sections 540.045[2], 540.050, and 494.470.[3] Sections 540.045 to 540.070 address the circumstances

---

[2] All statutory citations are to R.S.Mo. (2000) unless otherwise indicated.
[3] This Court acknowledges that other states' statutes governing the rules regarding challenging grand jurors for cause are clearer and more specific than Missouri's. The Court encourages the legislature to address this issue to provide needed guidance to the courts. Consideration should be given to recommending or

and procedures pursuant to which a grand juror may be challenged and removed from service. Section 540.070 states that "[n]o challenge to the array of grand jurors, or to any person summoned as a grand juror, shall be allowed except as provided in section 540.045 and in section 540.050." Section 540.045 further provides that "[t]he provisions of sections 494.400 to 494.505 relating to the qualifications and disqualifications of petit jurors and exemptions from service as a petit juror are applicable to grand jurors drawn and selected under the provisions of [Chapter 540]." One of those incorporated sections, Section 494.470, sets forth the bases and procedure to be followed by the circuit judge to remove a juror for cause.

Section 494.470 authorizes the presiding judge to remove a grand juror for cause for a number of specific reasons including: (1) if he has already formed an opinion concerning the matter or fact in controversy in any case that he considers which may influence his judgment in them; or (2) if his opinions or beliefs preclude him from following the law in any of those cases. Section 494.470.3 states that a challenge to a juror for cause requires testimony of the challenged juror under oath or other evidence supporting the challenge.

Here, our inquiry into whether Respondent abused his discretion is limited to the record consisting of the transcript dated September 28, 2015 and Respondent's Order of the same date. Despite the extensive competing memoranda and factual assertions publicly filed by the parties in connection with this writ petition, those matters are not properly before us in our review of Respondent's decision to remove Relator from the Grand Jury. Specifically, the subsequent affidavit filed by Respondent which set forth

requiring that prospective grand juror voir dire and any post-empanelment challenges for cause be conducted on the record.

4

additional material not in the transcript as justification for removal of the grand juror is not part of the record that this Court can consider. *In re Estate of McCahon*, 729 S.W.2d 67, 70 (Mo.App. 1987). Similarly, the factual matters raised in Relator's pleadings are simply not part of this record. *Id.*

We find that the record properly before us is entirely inadequate to justify Relator's removal from the Grand Jury for cause. Among other things, there is no indication that the challenged juror provided testimony under oath as required by section 494.470.3. We therefore find that Respondent abused his discretion in removing Relator from the Grand Jury because Respondent failed to establish an adequate record that Relator's purported conflict of interest justified his removal for cause under the aforementioned statutory provisions.

Turning to the relief sought by Relator here, it is this Court's firm opinion that the secrecy and independence of this Grand Jury have been compromised in part due to the public filings by both parties in connection with this writ petition. In Missouri, grand jury proceedings are conducted in secret. *See* Section 540.320; *see also* sections 540.080, 540.110. The original rule of secrecy was adopted to protect and promote the public welfare. *Mannon v. Frick*, 295 S.W.2d 158, 163 (Mo. 1956). The proceedings are conducted in secret to protect the jurors themselves, to promote a complete freedom of disclosure, to prevent the escape of a person to be indicted before he may be arrested, to prevent the subornation of perjury in an effort to disprove facts testified to, and to protect the reputations of persons against whom no indictment may be found. *Id.* at 162.

5

Here, several purposes of the Grand Jury in the Twenty-First Judicial Circuit have been compromised as well as its secrecy.[4] We determine that the public welfare would not be served by allowing this Grand Jury to continue its service. Because the veil of secrecy surrounding this Grand Jury has been punctured, there is a significant chance that any further proceedings would be improperly influenced by the outcome of this writ or would be subject to scrutiny and challenge as a result thereof, whether or not Relator is reinstated as a grand juror.

Importantly, in Missouri, grand jury service is merely an obligation—not a right—of any legally qualified person summoned by the presiding judge of a circuit court, until such person is excused or discharged. Section 540.021; *see also Powers v. Ohio*, 499 U.S. 400, 409 (1991).

While we recognize that the relief issued by this Court may be extraordinary, we believe it is necessary to protect the integrity of the grand jury process. We also acknowledge that this relief was not requested by either party. However, given the discretionary nature of the prohibition remedy, this Court may accept limitations on the issues or examine new points not offered ab initio. *State ex rel. Carver v. Whipple*, 608 S.W.2d 410, 412 (Mo.banc 1980). Moreover, an appellate court, considering prohibition, is not completely circumscribed by the prayer in relator's petition. *State ex rel. Boll v. Weinstein*, 295 S.W.2d 62, 67 (Mo.banc 1956);

Therefore, the preliminary order in prohibition is modified to prohibit the current Grand Jury from proceeding further. Respondent is directed to adjourn the current Grand

---

[4] Kim Bell, *Court filings illuminate St. Louis County grand jury controversy*, ST. LOUIS POST DISPATCH, October 29, 2015, at 1.

6

Jury and empanel a new Grand jury as soon as practicable. The preliminary order as modified is made permanent.